Charles William SHAFFER, Appellant,

v.

The STATE of Texas, Appellee.

No. 53945.

Court of Criminal Appeals of Texas.
Panel No. 1.

Jan. 25, 1978.
Rehearing En Banc Denied
March 29, 1978.

tion or by voluntary appearance at the hearing."

Leonard C. Kahn and Donald F. Maierson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Michol O'Connor, Asst. Dist. Attys., Houston, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction of carrying a handgun, V.T.C.A., Penal Code, Sec. 46.02(a). Trial was to the court and punishment was assessed at a fine of $125.00 and thirty days in jail, which was probated.

On September 24, 1975, at approximately 3:00 a. m., Officer Sanduske of the South-side Police observed the appellant driving his taxicab about 5–10 miles per hour in the 4000 block of Bellaire Boulevard. This is a commercial area. All businesses were closed. There were no pedestrians; there was no other traffic. Appellant stopped mid-block, drove slowly to the intersection of Bellaire and Stella Link, where he stopped at a green light, turned and continued in this manner. The officer testified that he stopped the appellant because he suspected him of being either ill or drunk, due to the slow speed in which he was traveling, and for no other reason. After the initial stop, a subsequent search of the cab led to the discovery of a pistol under the front seat.

In appellant's sole ground of error, he urges that the trial court erred in overruling his motion to suppress and trial objection to the admission of the handgun into evidence. The case of *Armstrong v. State,* 550 S.W.2d 25 (Tex.Cr.App.1977) contains a thorough discussion of the applicable law, here summarized.

A police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. An occupant of an automobile is just as subject to a brief detention as is a pedestrian. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Circumstances short of probable cause for an arrest may justify temporary detention for the purpose of investigation since an investigation is considered to be a lesser intrusion upon the personal security of the individual. *Leighton v. State,* 544 S.W.2d 394 (Tex.Cr.App.1976). The totality of the circumstances surrounding the incident are looked to in determining whether the police conduct may be reasonable. *State v. Hocker,* 113 Ariz. 450, 556 P.2d 784 (1976). In order to justify the intrusion, the law enforcement officer must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion of the freedom of the citizen detained for further investigation. *U. S. v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Thus, even in the absence of bad faith, detention based "on a mere hunch" is illegal. There must be a reasonable suspicion by the officer that some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to crime. Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. *Irwin v. Superior Court of Los Angeles County,* 1 Cal.3d 423, 82 Cal.Rptr. 484, 462 P.2d 12 (1969).

In the instant case, Officer Sanduske had suspicion but not an articulable fact. Appellant had violated no traffic law nor committed a crime in the officer's presence. *McDougald v. State,* 547 S.W.2d 40 (Tex.Cr.App.1977). The officer had not observed erratic driving after being informed of a prior traffic violation. *Greer v. State,* 544 S.W.2d 125 (Tex.Cr.App.1976). This was not a high crime area. *Amorella v. State,* 554 S.W.2d 700 (Tex.Cr.App.1977). Nor was this initial stop pursuant to a routine check of equipment and drivers' licenses authorized by V.A.C.S., Art. 6687b, Sec. 13. *Tardiff v. State,* 548 S.W.2d 380 (Tex.Cr.App.1977); cf. *Faulkner v. State,* 549 S.W.2d 1 (Tex.Cr.App.1977); *Fatemi v. State,* 558 S.W.2d 463 (November 9, 1977). As the initial stop was without probable cause, the handgun obtained as a result was inadmissible. *Wong Sun v. U. S.,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Brown v. State,* 481 S.W.2d 106 (Tex.Cr. App.1972).

The judgment is reversed and the cause remanded.