**Gary Clifford LE FLORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13-91-039-CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 21, 1991.

Nate Rhodes, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Corpus Christi, for appellee.

Before KENNEDY, DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

KENNEDY, Justice.

A jury found Gary Clifford Le Flore guilty of the misdemeanor offense of driving while intoxicated. The trial court assessed punishment at 45 days in jail and a $500.00 fine. Le Flore appeals. We affirm the trial court's judgment.

Appellant complains, by one point of error, that paragraph five of the jury charge failed to apply the law to the facts on the defensive issue of reasonable suspicion to stop. The State responds that appellant was not entitled to an instruction on reasonable suspicion because no conflicting evidence in the record gives rise to an issue of fact for the jury to decide.

When the evidence raises an issue of fact regarding the validity of an officer's inves-tigatory stop, the defendant has a statutory right to have the jury charged on the legality of the stop. *Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim.App.1986); *Chubb v. State*, 821 S.W.2d 298 (Tex. App.—Corpus Christi, 1991); Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp. 1991).

During the trial, Officer Roberts testified that she stopped appellant while he was driving on State Highway 358, which is a divided highway with a concrete retaining wall between three eastbound and three westbound lanes. Both sides of the highway have an inside shoulder adjacent to the center concrete retaining wall. Officer Roberts stated that she observed appellant, driving westbound in the far left lane of traffic, swerving twice into the inside shoulder area so that he almost hit the center wall.

During the trial, appellant testified that he did not swerve toward the wall. However, he stated in pertinent part:

[i]n the front end—I was having a considerable amount of trouble with the front end. In driving in the normal traffic lane the front end had started—has on considerable times started vibrating. What I did is I pulled over and straddled on the inside, not in another lane of traffic but just straddled enough to get out of that to where, you know, the vibration would cease. Once you get out of where the well-worn—where all of the other cars drive I just went over, you know, just moved over approximately two feet, you know, and that got out of there and the car was also missing out. It seemed like it missed worse and worse the vibration was and I was driving approximately the speed limit and that is usually where the vibration is the worst so I had slowed down slightly and then once the vibration ceased I came back on and the vibration started again and then I pulled back over.[1]

---

1. The statement of facts reflects this statement as a question by counsel. However, the statement makes no sense as a question; rather, we attribute it to the appellant, who was on direct examination at the time. We assume that the court reporter erred in transcribing the statement of facts.

A police officer is permitted to make a temporary investigatory detention of a defendant if the officer has a reasonable suspicion, based on articulable facts, that some activity out of the ordinary is or has occurred, and there is some suggestion to connect the detainee with the unusual activity, and some indication that the activity is related to crime. *Stone*, 703 S.W.2d at 654 (citing *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App.1983)). The reasonable suspicion required does not rise to the level of probable cause which is required to justify a warrantless search or arrest. *Id.* The totality of the circumstances surrounding the incident are looked to in determining whether the police conduct may be reasonable. *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex.Crim.App.1978). In order to justify the intrusion, the officer must have specific articulable facts which, in light of the officer's experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. *Id.* Even in the absence of bad faith, a detention based on a mere hunch is illegal. *Id.*

In its charge to the jury, the trial court included an instruction regarding the legality of Officer Robert's stop of appellant. *See* Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp.1991). The State, however, argues that there is no conflicting testimony requiring the jury to decide whether the officer had reasonable suspicion to stop the appellant. *See McDonald v. State*, 759 S.W.2d 784, 785 (Tex.App.—Fort Worth 1988, no pet.). Appellant, by his testimony, admits weaving. It is reasonable to infer that weaving could be caused because the driver may be intoxicated. *See Forderson v. State*, 467 S.W.2d 476, 478 (Tex.Crim.App.1971).

While there may be conflicts between the officer's testimony and appellant's, they do not create a fact issue concerning the existence of reasonable suspicion to stop. When a trial court submits an instruction not required by the evidence, we are not required to determine the adequacy of that instruction. *See Sattiewhite v. State*, 786 S.W.2d 271, 286 (Tex.Crim. App.1989).

The judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant or unless it appears from the record that the defendant has not had a fair and impartial trial. Tex.Code Crim. Proc.Ann. art. 36.19 (Vernon Supp.1991). We find no reversible error in the court's failure to apply the law to the facts on the issue of reasonable suspicion to stop. Appellant's point of error is overruled.

We affirm the trial court's judgment.