jumonville v. state 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-036-CR




JOHN CHRISTOPHER JUMONVILLE,


 APPELLANT


vs.



 


THE STATE OF TEXAS,


 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY



NO. 350,048, HONORABLE WILFRED R. AGUILAR, JUDGE PRESIDING 



 




 Appellant was convicted of the offense of driving while intoxicated (1) following a
trial to the court. The court assessed punishment at confinement for 120 days and a fine of $1000. 
The court suspended the entire period of confinement and $600 of the fine and placed appellant
on probation for two years.

 In his sole point of error, appellant contends that the trial court erred in denying
his motion to suppress evidence. Finding this point without merit, we will affirm the trial court's
judgment of conviction.



BACKGROUND


 At approximately 2:00 a.m. on January 25, 1991, Officer Christopher Hearon of
the Austin Police Department was working routine patrol. He first saw appellant's car in the left-hand turn lane at the intersection of Burnet Road and Highway 183, stopped at a red light. While
the light remained red, appellant backed his car into the inside southbound lane of Burnet Road. 
This maneuver did not violate any traffic laws or interfere with other traffic. Another car was
stopped at the light in the outside southbound lane and Hearon's patrol car was positioned behind
it. 

 When the light changed to green, appellant, Hearon, and the second car all
continued southbound on Burnet Road. Hearon observed appellant weaving slowly and gradually
within his lane. Appellant would drift to the right, straighten his tires, then drift to the left and
straighten again. At one point, appellant's car drifted towards the outside southbound lane,
causing the driver of the second car to apply his brakes. In Hearon's opinion, the second driver
applied his brakes to avoid potential contact with appellant's car. Appellant continued driving in
a weaving manner within his lane. Hearon feared that appellant might leave his lane at any
moment, although he did not. From his manner of driving, Hearon suspected that appellant was
intoxicated. 

 As appellant approached Ohlen Road, he changed lanes to the outside lane. As
appellant pulled into the parking lot of a closed shopping center, about three-quarters of a mile
past the intersection of Burnet and Highway 183, Hearon turned on his overhead lights and
followed appellant into the lot. Hearon testified that this stop occurred at 2:05 a.m. Appellant
got out of his car and Hearon asked him for his driver's license. Appellant instead produced his
Merchant Marine identification card. Appellant's eyes were watery and bloodshot, his breath
smelled of alcohol, and he had to lean against the car for support. He volunteered that he had
been to a bar, had some drinks, and asked Hearon to "cut him some slack" since he was almost
home. Hearon conducted field sobriety tests, which appellant failed. Hearon arrested appellant
for driving while intoxicated.

 Appellant filed a motion to suppress any evidence arising from the investigatory
stop. The trial court denied the motion to suppress evidence and, over appellant's plea of not
guilty, found him guilty of driving while intoxicated.

 

DISCUSSION


 Appellant complains that the trial court erred in denying his motion to suppress
evidence because Hearon did not have a sufficient basis to justify the initial stop, which appellant
contends was an illegal detention that violated his rights under the Fourth Amendment to the
United States Constitution. We disagree.

 At a hearing on a motion to suppress evidence, the trial court is the sole judge of
the credibility of the witnesses and the weight to be given their testimony, and an appellate court
must defer to the trial court's findings of fact absent a clear abuse of discretion. State v. Carr,
774 S.W.2d 379, 380 (Tex. App.--Austin 1989, no pet.); see also Davis v. State, 829 S.W.2d 218,
220 (Tex. Crim. App. 1992).

 Circumstances falling short of probable cause for arrest may justify temporary
detention for purposes of investigation since an investigation is considered to be a lesser intrusion
upon the personal security of an individual than is an arrest. Greer v. State, 544 S.W.2d 125, 127
(Tex. Crim. App. 1976). An investigatory stop is justified if a police officer, based upon specific
and articulable facts, has a reasonable suspicion that the detained person may be associated with
a crime. Terry v. Ohio, 392 U.S. 1 (1968); Davis, 829 S.W.2d at 219. Both the officer's
experience and general knowledge should be taken into account. Johnson v. State, 658 S.W.2d
623, 626 (Tex. Crim. App. 1983). For the investigatory stop to be valid, (1) the officer must
have a reasonable suspicion that some activity out of the ordinary is occurring; (2) there must be
some suggestion to connect the detained person with the unusual activity; and (3) there must be
some indication that the activity is related to a crime. Id.; Jefferson v. State, 830 S.W.2d 320,
323 (Tex. App.--Austin 1992, pet. ref'd). To determine whether the conduct of the officer was
reasonable, we look to the totality of the circumstances surrounding the stop. Shaffer v. State,
562 S.W.2d 853, 855 (Tex. Crim. App. 1978).

 Appellant correctly states that his detention would be unlawful if the facts upon
which Hearon based his conclusion were as consistent with innocent activity as with criminal
activity. See Johnson, 658 S.W.2d at 626; Giossi v. State, 831 S.W.2d 887, 889 (Tex.
App.--Austin 1992, pet. ref'd). However, the Court of Criminal Appeals has recognized that such
circumstances as will raise suspicion that a crime is taking place need not be criminal in
themselves. Rather, they may include any relevant facts which in some measure render the
likelihood of criminal conduct greater than it would otherwise be. Crockett v. State, 803 S.W.2d
308, 311 (Tex. Crim. App. 1991). Thus, although appellant did not commit any traffic violations,
we must decide if the trial court abused its discretion when it found that Hearon, after viewing
appellant's conduct, had a reasonable suspicion that appellant was intoxicated.

 The Court of Criminal Appeals has held that a police officer's "mere hunch" that
a driver was intoxicated because he was driving slowly at night did not constitute reasonable
suspicion. Shaffer, 562 S.W.2d at 855. Similarly, the court has held that police officers could
not legally stop a driver who applied his brakes suddenly after passing their patrol car. Viveros
v. State, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992).

 On the other hand, the Court of Criminal Appeals has held that probable cause
existed that a driver was intoxicated when he drove with his lights on during the daytime, weaved
back and forth for about eight blocks, and nearly hit a parked truck. Forderson v. State, 467
S.W.2d 476, 477-78 (Tex. Crim. App. 1971). One court of appeals has concluded that weaving
from the far left lane into the shoulder area twice constituted reasonable suspicion that the driver
was intoxicated. Le Flore v. State, 819 S.W.2d 665, 667 (Tex. App.--Corpus Christi 1991, no
pet.). This Court has held that when a driver rapidly accelerated from an intersection after the
traffic light changed green, weaved within his own lane, and travelled at an excessive speed, the
police officer who made the investigatory stop had reasonable suspicion that an offense was being
committed. Miffleton v. State, 728 S.W.2d 880, 883 (Tex. App.--Austin 1987), aff'd, 777 S.W.2d
76 (Tex. Crim. App. 1989).

 Based on the totality of the circumstances, we believe Officer Hearon, who had ten
years' experience, possessed knowledge of the requisite facts to justify appellant's temporary
detention. Appellant's repositioning of his car at the light, his manner of driving and weaving,
the subsequent braking of an adjacent car, and the early morning hour all constituted facts that
supported Officer Hearon's reasonable suspicion that the driver was driving while intoxicated and
justified the subsequent investigatory stop. We decline to hold that the trial court erred in denying
appellant's motion to suppress. Accordingly, we overrule his point of error.

 We affirm the trial court's judgment of conviction.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: May 12, 1993

[Do Not Publish]
1. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993).