**William Owen COFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–214–CR.**

Court of Appeals of Texas, Corpus Christi.

June 30, 1993.

Reginald K. Nix, Houston, for appellant.

Michael J. Guarino, Galveston, for appellee.

Before NYE, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

Appellant pleaded not guilty to the offense of possession of less than 28 grams of cocaine, and "not true" to an enhancement paragraph alleging forgery. The jury found appellant guilty of the posses-

sion offense and found the enhancement paragraph true, assessing punishment of 25 years' confinement and a $2500 fine. Appellant contests the judgment by four points of error. We reverse and remand.

On October 7, 1989, at approximately 11:30 p.m., Texas Department of Public Safety Troopers Jose Castro and Wayne Neubauer were patrolling Gill Road, in Galveston County, in their marked car. Castro glanced down a dead-end, unlighted side street, Bess Road. The road is heavily wooded, and a field lays at the end of it. Three to four houses are located along the right side of that road; all but one are now dilapidated and abandoned. The troopers noticed a vehicle at the end of the street, parked in the middle of the road and facing Gill Road. Finding this to be a traffic violation,[1] Castro turned down Bess road and moved toward the illegally parked vehicle. When they were some 300–400 feet from the car, Castro activated the emergency lights on the patrol car. Both troopers testified that when they were 10–15 feet from the vehicle, they saw the appellant, who was sitting in the driver's seat, and a passenger, later identified as Kay Barnhill, "stuffing something under" the seats and attempting to duck out of sight.

The troopers emerged from their patrol car and asked appellant and Barnhill to exit the vehicle. As Neubauer escorted Barnhill out, he smelled an unusual burning aroma. At the same time, he viewed a glass bottle and a box of scouring pads lying between the passenger's and driver's seats. Neubauer knew from his experience that the glass bottle and scouring pads were used to smoke crack cocaine. The troopers arrested appellant and Barnhill for possession of that paraphernalia.

The officers then searched the car, looking first underneath the seats to determine what its occupants had placed under them. Castro found a .45 calibre automatic pistol under the driver's seat, and a loaded clip "in" the dash board. Under the passenger's seat, Neubauer found a yellow plastic bag containing more drug paraphernalia, including a vial containing a white powdery substance (cocaine), a glass smoking pipe with white residue inside, and a red lighter with white powder all over it. Castro also found a copper smoking pipe in the map pocket of the driver's side door. Neubauer searched Barnhill and found a rock of crack cocaine in her coat pocket.

The troopers arrested appellant and Barnhill for possessing cocaine. After being transported to the Dickinson Police Department and while waiting to give a sworn statement, Barnhill told Neubauer that she had smoked crack cocaine with the appellant immediately before the troopers arrived. Barnhill then gave a sworn statement averring only that she had taken one hit from the crack pipe before the officers arrived. She did not implicate the appellant in her sworn statement.

Appellant was indicted for possession of cocaine. He filed a motion to suppress all of the drug paraphernalia found in the car on the grounds that the evidence was the fruit of an illegal search and seizure. He also attempted to suppress the incriminating statement Barnhill made to Neubauer. The trial court denied the motion.

By point one, Cofield maintains that the trial court erred by denying his motion to suppress the evidence admitted against

---

1. Tex.Rev.Civ.Stat.Ann. art. 6701d § 93 (Vernon 1977 & Supp.1993):

(a) A person may not stop, park, or leave standing any vehicle, whether attended or unattended, upon the main-traveled part of a highway outside of a business or a residence district unless:

(1) it is not practicable to stop, park, or so leave such vehicle off such part of said highway;

(2) an unobstructed width of highway opposite a standing vehicle is left for the free passage of other vehicles; and

(3) a clear view of such stopped vehicle is available from a distance of two hundred (200) feet in each direction upon such highway.

(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.

him. He contends that the evidence was the fruit of an illegal search and seizure.

We begin our analysis with the initial investigation. An investigative detention is one in which the police may briefly question a suspicious person regarding his identity and the reason he is in a particular area or location; the police may make reasonable, merely investigatory assessments at that time. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Amores v. State*, 816 S.W.2d 407, 411 (Tex.Crim.App.1991). Such a detention is constitutionally valid if it is founded upon articulable facts which, in light of the troopers' experience and general knowledge, together with rational inferences from those facts, would reasonably warrant the intrusion. *Amores*, 816 S.W.2d at 411 n. 5.

When an officer has a reasonable suspicion that some unusual activity with which the detainee is connected is occurring or has occurred, and that activity may be related to a crime, a temporary detention is justified. TEX.CODE CRIM.PROC.ANN. art. 14.03(a)(1) (Vernon Supp.1993); *Le Flore v. State*, 819 S.W.2d 665, 667 (Tex. App.—Corpus Christi 1991, no pet.). However, when the activities observed are as consistent with innocent activity as they are with criminal activity, any detention based upon those actions alone is unlawful. TEX.CODE CRIM.PROC.ANN. art. 14.03(a)(1); *Amores*, 816 S.W.2d at 414. A detention based upon a mere hunch is not permissible. *Amores*, 816 S.W.2d at 411 n. 5; *Le Flore*, 819 S.W.2d at 667.

We look to the totality of the circumstances to determine whether the troopers' conduct was reasonable. *Le Flore*, 819 S.W.2d at 667. Castro and Neubauer, while on patrol at 11:30 in the evening, noticed a car parked, with its headlights extinguished, in the middle of a dead-end road. Although several houses lined one side of that road, they were some 50–100 yards up the road from the vehicle. The street dead-ended into a field, and it was lined by a forest on one side. Officer Cas-

tro testified that the officers drove toward the car because it was parked in a roadway in violation of traffic laws.

Appellant contends that the officers had no probable cause to believe that he was committing a traffic violation, that is, parking his vehicle in the middle of the road. He maintains that the statutory definition of "park" is "the standing of a vehicle, whether occupied or not, otherwise than temporarily for the purpose of and while actually engaged in loading or unloading merchandise or passengers." TEX. REV.CIV.STAT.ANN. art. 6701d § 20E (Vernon 1977). Appellant asserts that the officers did not have probable cause to believe that he was not loading or unloading passengers or equipment. We disagree. Due to the hour of the evening and the location of the car, some distance from the houses on the street, the officers were justified in finding that merchandise and/or passengers were not being loaded into, or unloaded from, the vehicle.

The officers were justified in shining their emergency lights at and approaching the vehicle in an effort to investigate, as they are authorized to remove illegally stopped vehicles in certain situations, for instance, when the officer reasonably believes that the car has been abandoned for more than 48 hours.[2] As such, they were permitted to make a determination whether anyone was inside the car or whether it had been abandoned. The officers were justified in their initial approach towards appellant's vehicle.

Moreover, while driving towards the parked vehicle, the troopers observed both the driver and the passenger bending over in a manner that would indicate they were stuffing objects under their seats and trying to hide. This was activity out of the ordinary that would lead reasonable peace officers to believe, based on their experience, that the occupants of this vehicle were engaged in, or had been engaged in, criminal activity.

When the troopers drove up to the vehicle, they asked the appellant and

---

**2.** *See* TEX.REV.CIV.STAT.ANN. art. 6701d § 94(a)(4) (Vernon Supp.1993).

Barnhill to exit the car. Castro testified that this was department policy complied with during every traffic stop. At that time, Neubauer spotted, in plain view, what he knew to be drug paraphernalia. The troopers arrested the detainees for possession of that paraphernalia. A warrantless arrest is permissible when an offense is committed in an officer's plain view. TEX. CODE CRIM.PROC.ANN. art. 14.01(b) (Vernon 1977).

The appellant and Barnhill having been lawfully arrested, the troopers searched the car and Barnhill. Appellant contends that this, too, was illegal. When a suspect is lawfully under arrest and in custody, as appellant and Barnhill were here, the arresting officer may conduct a warrantless search of the suspect. *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973). Neubauer lawfully searched Barnhill, finding crack cocaine.

The immediate surrounding area may also be searched, including the passenger compartment of the automobile and the contents of any container found inside. *New York v. Belton*, 453 U.S. 454, 460–61, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). When probable cause exists to believe that an arrestee's vehicle contains contraband, that vehicle may lawfully be searched. *Zertuche v. State*, 774 S.W.2d 697, 698 (Tex.App.—Corpus Christi 1989, pet. ref'd).

The officers witnessed appellant and Barnhill furtively moving as if to hide items under their seats and duck out of sight. Neubauer discovered drug paraphernalia on the front seat of the vehicle and smelled a strong burnt odor emanating from the car. Probable cause did exist for the officers to believe that the vehicle contained contraband. The troopers lawfully searched the vehicle pursuant to the arrest of its occupants and properly seized the evidence admitted against appellant. Point of error one is overruled.

By his fourth point of error, appellant maintains that the trial court erred by denying his motion for an instructed verdict on the grounds that the State failed to prove he possessed the cocaine admitted into evidence against him. The State admitted the glass pipe containing cocaine residue, found on the front seat of the car, as well as the copper pipe, also containing cocaine residue, found in the side pocket of the driver's side door. The State also admitted into evidence the large glass vial containing cocaine found in the yellow plastic bag under Barnhill's seat, and the rock of cocaine found in Barnhill's jacket.

A person commits an offense if he "knowingly and intentionally possesses a controlled substance." TEX.HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 1992). A person "possesses" a substance when he has actual care, custody, control, and management of it. TEX.HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 1992). In circumstantial evidence cases, the State must bring forth evidence that affirmatively links the appellant with the contraband; the trier of fact can then reasonably infer the appellant knew the substance existed and exercised control over it. *Herndon v. State*, 787 S.W.2d 408, 409 (Tex.Crim.App. 1990); *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App.1986); *Garza Gonzalez v. State*, 783 S.W.2d 774, 777 (Tex.App.—Corpus Christi 1990, no pet.).

Appellant contends that the State failed to affirmatively link him to the contraband found in the car or prove beyond a reasonable doubt that he knew the substance he was alleged to have possessed was cocaine. He supports this argument by asserting that he is not the exclusive owner of the car but rather shares the vehicle with his girlfriend, who also smokes crack cocaine. He contends he had no knowledge of the existence of contraband in the car.

Appellant did not exercise care, custody, and control over the cocaine found in Barnhill's jacket pocket. With regard to the two pipes and the glass vial, however, the Texas Penal Code defines "knowing" commission of an act as an instance in which the accused "is aware of the nature of his conduct *or that the circumstances exist.*" TEX.PENAL CODE ANN. § 6.03(b) (Vernon 1974) (emphasis added). As the troopers

approached the vehicle, they witnessed both appellant and Barnhill apparently hiding things under their seats. When the officers extracted the appellant and Barnhill from the car in which they were parked, Neubauer saw a glass pipe, holding burned cocaine residue, and scouring pads in plain view on the front seat between appellant and Barnhill. In addition, Neubauer detected a strong burning odor emanating from the car. A bag containing cocaine and drug paraphernalia was later found under Barnhill's seat. A rational trier of fact could find beyond a reasonable doubt that the appellant and Barnhill were smoking crack cocaine just before the police arrived, and that the cocaine they were smoking was stored in the glass vial found under Barnhill's seat. The jury could reasonably have found that appellant was aware of the presence of cocaine located under Barnhill's seat. The jury could also find that appellant knew of the copper pipe located in the pocket of the door, and of the glass pipe lying in plain view on the front seat. This provides enough evidence to stave off a directed verdict motion from the appellant. Affirmative links show that the appellant was aware of the circumstances surrounding his possession offense. Point of error four is overruled.

By points of error two and three, appellant contends that the trial court erred by overruling his objection to the introduction of a statement made by Barnhill to Trooper Neubauer. Neubauer testified that after the two had been arrested, and after they had been escorted to the police station, Barnhill told the trooper, of her own accord, that she and the appellant had been smoking crack cocaine immediately before they were arrested. Appellant objected to the testimony as hearsay, and the court overruled that objection. On appeal, appellant contends also that the admission of the statement violated his Sixth Amendment right to confrontation.

 The Court of Criminal Appeals views hearsay and confrontation as distinct from one another, requiring that objections be lodged on both grounds in order to preserve error on each. In *Holland v.*

*State*, 802 S.W.2d 696, 700 (Tex.Crim.App. 1991), the court held that a hearsay objection and an objection on the basis of a violation of confrontation are neither synonymous nor coextensive. When only a hearsay objection is lodged and is then overruled, the trial court has no notice of any other ground for exclusion, and error on the basis of a confrontation violation is waived. *Id.* at 700.

 Because appellant failed to object to Neubauer's testimony on confrontation grounds, he waived that error for our review. We will review the admissibility of the statement in accordance with the Texas Rules of Criminal Evidence.

The statement by Barnhill testified to by the trooper was hearsay because it was made to proclaim the truth of the matters in it. The State asserts that it is an exception to the prohibition against hearsay because it is a "Statement Against Interest." TEX.R.CRIM.EVID. 803(24). That rule provides, however, that the statement at issue must be

at the time of its making so far contrary to the *declarant's* pecuniary or proprietary interest, or so far tended to subject *him* to civil or criminal liability ... that a reasonable man in his position would not have made the statement unless he believed it to be true....

(emphasis added). The rule also requires that the statement exposing the declarant to criminal liability be corroborated to clearly indicate the trustworthiness of the statement.

Barnhill's statement to Neubauer not only inculpates herself, but exposes appellant to criminal liability as well. Prior to the adoption of the Texas Rules of Criminal Evidence, all of the Texas criminal cases involving a declarant's hearsay statement served to exonerate the defendant from the crime with which he was charged. *See Ramirez v. State*, 543 S.W.2d 631 (Tex. Crim.App.1976). Only two cases in Texas have addressed the issue before us, both of which are from the Waco Court of Appeals. *See Williams v. State*, 815 S.W.2d 743 (Tex.App.—Waco 1991), *reversed*, 829 S.W.2d 216 (Tex.Crim.App.1992); *Davis v.*

*State,* 772 S.W.2d 563 (Tex.App.—Waco 1989, no pet.). Although the analysis in each is helpful, the cases do not provide precedent. The *Williams* case overruled *Davis* on the issue, and the Court of Criminal Appeals disavowed the reasoning in *Williams* because it fell outside the high court's remand order.

When hearsay testimony is used to incriminate the defendant, he is deprived of the ability to cross-examine and confront the declarant.[3] These are the main methods of testing the truth of that testimony.

The rationale of this traditional exception to the hearsay rule is that a reasonable person does not admit matters that put him in jeopardy unless those matters are true. Ordinarily a person acts in his own best interest; when he says something dramatically contrary to his interest, we assume what was said was true. However, this reasoning fails when the statement also implicates another in a criminal act; is it always in the speaker's interest not to incriminate another? On the contrary, the speaker may be trying to curry favor with the police, shift or spread the blame, avenge himself, or divert attention away from his own culpability. *See Lee v. Illinois,* 476 U.S. 530, 541, 106 S.Ct. 2056, 2062, 90 L.Ed.2d 514 (1986). When partners in crime are caught in the act, they are inherently adversarial, striving to mitigate their own culpability.

■ A statement meets the exception to the hearsay rule when it is against the speaker's interest only, but cannot be considered reliable as to the other party when it is also against that party's penal interest. Accordingly, we hold the statement was improperly admitted as a Rule 803(24) exception to the hearsay rule.

Also, Rule 803(24) in criminal cases has an additional requirement not found in the Rules of Civil Evidence. The statement must be shown to be clearly trustworthy by corroborating evidence. We find no such corroborating evidence to indicate that both appellant and Barnhill, and not Barnhill alone, were smoking the cocaine.

■ Although we have found error, we will not reverse the trial court's judgment if we determine, beyond a reasonable doubt, that the error made no contribution to the appellant's conviction. TEX.R.APP.P. 81(b)(2).

Appellant was convicted of possession of cocaine. He was in a parked car late at night with another person, Barnhill. The only quantity of cocaine found, .33 grams, was in Barnhill's coat pocket. Two pipes were found showing traces of cocaine residue: a copper pipe was in the driver's side door pocket and a glass one was between the bucket seats of the automobile. A yellow bag was found beneath Barnhill's seat, and she was observed stuffing something, inferentially the bag, under her seat as the officers approached. The yellow bag contained several items including a glass vial with a trace of cocaine, another glass pipe, a roach clip, and some rolling papers.

The issue was whether Barnhill possessed the cocaine by herself, or jointly with the appellant. Her inadmissible statement ties him to the cocaine by declaring that the two of them were smoking it together. We cannot say beyond a reasonable doubt that Barnhill's statement did not contribute to appellant's conviction.

The judgment of the trial court is REVERSED AND REMANDED.

NYE, C.J., not participating.

---

3. Federal law requires that a declarant be unavailable in order for his out-of-court statement, made against his interest, to be considered. *See* FED.R.CRIM.EVID. 804(b)(3). In Texas, however, the unavailability of the declarant is not crucial. TEX.R.CRIM.EVID. 803(24).