NUMBER 13-97-907-CR 



COURT OF APPEALS 

THIRTEENTH DISTRICT OF TEXAS 

CORPUS CHRISTI 

____________________________________________________________________ 



WALDEMAR SCOYOLA, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

____________________________________________________________________ 



On appeal from the 24th District Court of Refugio County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Yañez and Chavez 

Opinion by Justice Yañez 



A jury convicted appellant Waldemar Scoyola of aggravated possession of a controlled
substance and conspiracy to commit aggravated possession of a controlled substance. The
jury assessed punishment at life imprisonment for each offense, a fine of $100,000 for the
aggravated possession offense, and a fine of $50,000 for the conspiracy offense. By four
points of error, appellant complains of the trial court's denial of his motion for
directed verdict, admission of certain evidence, and its entry of judgment on the
conspiracy charge. We affirm. 

Viewed in the light most favorable to the verdict, the evidence shows on November 23,
1993, a Refugio County sheriff stopped a truck with a trailer traveling on Highway 77
because a license plate light was not working. The driver, Charles Michael Gist, consented
to a search, which revealed approximately 236 pounds of cocaine hidden in the kingpin area
of the vehicle. Agreeing to assist in a plan to have the persons responsible for the
cocaine retrieve it, Gist provided the law enforcement officers a pager number. An officer
called the pager number and entered the phone number of an undercover police phone line.
Appellant responded to the page by calling the undercover phone line. The phone
conversations which ensued were recorded and presented at trial. 

Juan Hernandez, an officer posing as a mechanic, explained to appellant the truck had
broken down, its clutch was bad, and he did not have the part needed to replace it. He
suggested that appellant come to retrieve the trailer. Appellant also spoke to Gist,
asking if the only kind of problem he had was the "mechanic problem," if he had
no "other kinds of problem," if everything was "cool," and if
everything was "clear." Appellant stated, "Listen, the way I want it,
everything is cool . . . If everything is cool, I come for myself." Appellant also
stated to Gist, referring to the officer posing as a mechanic, "This son of a gun
asking too many questions. . . [w]ho's coming, who's going, who pay me, what time is you
coming. . ." Appellant asked Gist, "It's no problem to (sic) the police,
right?" 

That night, appellant, accompanied by two other individuals, drove from Houston to a
site in Woodsboro where the truck was parked. Upon arriving at the scene, appellant walked
around the truck and appeared to be inspecting it, particularly around the kingpin area.
Appellant met Gist and the officer posing as a mechanic. Hernandez testified appellant
asked Gist if "the load was safe," even though the only cargo visible on the bed
of the trailer was two tarps. Hernandez also testified appellant stated to Santos Cuellar,
an individual who accompanied appellant, that the cargo was undisturbed and everything was
clear. Cuellar made preparations to detach the trailer. Appellant asked Gist for the keys
and entered the cab of the vehicle. At that point, officers arrested appellant. 

In his second point of error, appellant argues the trial court erred in overruling his
hearsay objections to Officer Glenn Mize's testimony about Gist providing law enforcement
officers the pager number and the plan developed to bring appellant to the site. Gist
never testified at trial. Appellant cites no authority for his argument in his brief
stating, "This Honorable Court should need no authority for the proposition that
testimony regarding an out-of-court act, in response to a question, can be as much
'hearsay' as the repetition of an out[-]of[-]court statement." We disagree. Appellant
is required to provide appropriate citations to authorities and to the record to present a
point of error for our review. See Tex. R. App. P. 38.1(h) (requiring appellant's
brief to contain appropriate citations to authorities and to the record). 

Moreover, to preserve a complaint for appellate review, the record must show: (1) the
complaint was made by a timely request, objection, or motion that stated the grounds for
the ruling sought with sufficient specificity to make the trial court aware of the
complaint, and (2) the trial court ruled on the objection or refused to rule on the
objection and the complaining party objected to the refusal. See Tex. R. App. P.
33.1(a)(1), (2). It is well-established that any error in the admission of evidence is
rendered moot or harmless if the same evidence is admitted elsewhere in the record without
objection. Chamberlain v. State, 998 S.W.2d 230, 235 (Tex. Crim. App. 1999); McFarland
v. State, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992). 

Both Mize and Hernandez testified about Gist furnishing them the pager number and the
plan Gist and the officers worked out to bring appellant to the site where the truck was
parked. The record does not show appellant objected to the complained of evidence each
time it was offered. In fact, the record shows appellant objected and pursued his
objection to an adverse ruling in only two of the four instances specifically referenced
in his brief. Appellant has waived any error regarding the admission of this evidence. 

Appellant further complains under this point of error that because Gist never
testified, appellant was denied his constitutional right to confront his accusers.
Appellant did not object to this evidence on this basis. A hearsay objection does not
preserve an error predicated on a violation of the right to confrontation. Holland v.
State, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991); Cofield v. State, 857
S.W.2d 798, 804 (Tex. App.--Corpus Christi 1993), aff'd, 891 S.W.2d 952 (Tex.
Crim. App. 1994). We overrule point of error number two. 

Appellant next argues the trial court erred by admitting an audiotape recording because
it was not properly authenticated and was not an original. Appellant complains the
audiotape recording contained a gap and an ambiguous statement allegedly made by
appellant. 

In the statement of facts section of his brief, appellant alludes to various problems
related to audiotape recordings: the loss of an original audiotape, a gap in an audiotape,
an audiotape where the cassette recorder had been turned off and on from time to time, and
an audiotape that was not synchronized with a videotape. The jury heard three audiotapes
at trial.(1) Appellant fails to specify under this point of
error which audiotape and statement form the basis of his complaint and fails to refer us
to the place in the record where the alleged error took place. Appellant has therefore
waived any error. See Tex. R. App. P. 38.1(h) (requiring appellant's brief to
contain appropriate citations to the record); see also Lueg v. Lueg, 976 S.W.2d
308, (Tex. App.--Corpus Christi 1998, pet. denied) (point or error waived where appellant
failed to provide references to the record). 

Even if we assume appellant is complaining about State's Exhibit 19, the only audiotape
to which he objected at trial, we must still overrule the point. The evidence at trial
showed State's Exhibit 19 is an abbreviated version of State's Exhibit 15. Having listened
to the audiotapes, we agree that State's Exhibit 15 and State's Exhibit 19 contain
recordings of the same telephone conversations between appellant and Gist and appellant
and Hernandez. While the reporter's record indicates only portions of State's Exhibit 15
were played to the jury during the trial, the entire audiotape was admitted into evidence
without objection. Any possible error in admitting State's Exhibit 19 is harmless. See
Chamberlain, 998 S.W.2d at 235 (holding any error in admitting evidence over proper
objection is harmless where the same evidence is subsequently admitted without objection).
Point of error number three is overruled. 

By his first point of error, appellant complains he was deprived due process because
the trial court denied his motion for directed verdict. A reviewing court treats a point
of error complaining of a trial court's failure to grant a motion for directed verdict as
a challenge to the legal sufficiency of the evidence. See Williams v. State, 937
S.W.2d 479, 482 (Tex. Crim. App. 1996). Evidence is legally sufficient when, viewed in the
light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307 (1979); Lacour v. State, No. 1191-98, slip op. at 2 (Tex. Crim. App.
January 5, 2000). In performing a legal sufficiency review, this court is precluded from
assessing the credibility of witnesses. Ex parte Elizondo, 947 S.W.2d 256, 262
(Tex. Crim. App. 1996). 

To establish the offense of criminal conspiracy, the State must prove the accused: (1)
with intent that a felony be committed; (2) agreed with one or more persons that they or
one or more of them engage in conduct that would constitute the offense; and (3) one of
the conspirators performed an overt act in pursuance of the agreement. See Tex.
Penal Code Ann. 15.02(a) (Vernon 1994). An agreement constituting a conspiracy may be
inferred from the acts of the parties. See Tex. Penal Code Ann. 15.02(b) (Vernon
1994). 

To establish the offense of unlawful possession of a controlled substance, the State
must prove: (1) the accused exercised care, control and management over the contraband,
and (2) the accused knew the matter possessed was contraband. McGoldrick v. State,
682 S.W.2d 573, 578 (Tex. Crim. App. 1985); Ebert v. State, 848 S.W.2d 261, 266
(Tex. App.--Corpus Christi 1993, pet. ref'd). Both elements may be proved
circumstantially. McGoldrick, 682 S.W.2d at 578. Whether the State has
established possession turns on the particular facts of each case. Garcia v. State,
871 S.W.2d 769, 770 (Tex. App.--Corpus Christi 1994, pet. ref'd). However, the evidence
must affirmatively link the accused to the controlled substance so as to create a
reasonable inference that the accused knew of the contraband's existence and that he
exercised control over it. Nunn v. State, 640 S.W.2d 304, 305 (Tex. Crim. App.
1982). That affirmative link can be established by showing additional facts and
circumstances which indicate the accused's knowledge and control of the contraband. Pollan
v. State, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981). These facts and circumstances
must establish that the accused's connection with the controlled substance is more than
fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 

Appellant argues when Gist's hearsay act of calling the appellant on the telephone is
excluded, there is no evidence linking him to the cocaine. We previously determined that
any error in admitting Gist's actions was waived and, therefore, we consider this evidence
in our sufficiency analysis. 

The evidence showed Gist provided the officers with a pager number. Once the officers
dialed the number, appellant responded to the page by telephone and questioned Gist about
the circumstances of the truck's breakdown. During his conversation with Gist, appellant
repeatedly sought assurances that everything was "cool" and even asked directly
whether the police were involved. There was testimony that upon his arrival at the scene,
appellant examined the vehicle, paying particular attention to the kingpin area wherein
the cocaine was stored. Hernandez testified that even though the trailer bed contained
nothing but two tarps, appellant asked Gist if "the load was safe" and then
assured Cuellar the cargo was safe and everything was "clear." Appellant
mentions in his brief that Hernandez is no longer involved in law enforcement and was
convicted of a crime of moral turpitude. This is irrelevant here because the appellate
court may not assess the credibility of any witness. We conclude a rational jury could
infer appellant's knowledge and control of the cocaine and an agreement to commit the
offense of aggravated possession of a controlled substance from these facts. 

Appellant argues his involvement amounts to mere presence and that his actions and
statements are as consistent with innocence as with guilt. Even if this were the proper
test for evaluating this evidence, we disagree. Viewing the evidence in a light most
favorable to the verdict, we hold a rational jury could have found all the essential
elements of both offenses beyond a reasonable doubt. Point of error number one is
overruled. 

By his final point of error, appellant complains that a federal criminal law doctrine
known as "Wharton's Rule" precludes his conspiracy conviction. Generally, a
conspiracy and the completed substantive offense are distinct crimes for which a criminal
defendant may be prosecuted and punished. Iannelli v. United States, 420 U.S.
770, 777-79 (1975). As an exception to the general rule, Wharton's Rule provides that when
the substantive crime by its nature necessarily requires the participation of two
persons, an agreement by two persons to commit that crime may not also be prosecuted as a
conspiracy. Id. at 773. The rule is not based on double jeopardy principles, but
is a judicial presumption, applied where there is no legislative intent to the contrary. Id.
at 782. Classic Wharton Rule offenses are adultery, bigamy, and dueling; in other
words, crimes in which the parties to the agreement are the only ones who participate in
the substantive offense and the immediate consequences of the crime rest primarily on the
parties. Id. 

Appellant cites no Texas cases applying Wharton's Rule to the Texas conspiracy statute,
and we have found none. Moreover, the record is devoid of any showing appellant presented
this argument to the trial court in a motion to dismiss conspiracy from the indictment or
in any other manner. See Iannelli, 420 U.S. at 774 ("The classic formulation
of Wharton's Rule requires that the conspiracy indictment be dismissed before
trial."). Absent fundamental error, all complaints must be presented to the trial
court to be preserved for appellate review. See Tex. R. App. P. 33.1(a). 

Even if we assume that Wharton's Rule is applicable to the Texas conspiracy statute and
appellant was not required to present this complaint to the trial court to preserve error,
we conclude this doctrine does not preclude appellant's conspiracy conviction. Appellant
contends, erroneously, that he was indicted for joint possession of a controlled
substance. The substantive offense for which appellant was indicted is aggravated
possession of a controlled substance. In prosecuting this offense, the State may rely on
facts showing either exclusive or joint possession. Vargas v. State, 883 S.W.2d
256, 262 (Tex. App.--Corpus Christi 1994, pet. ref'd). Unlike typical Wharton Rule
offenses, the commission of the offense of aggravated possession of a controlled substance
may involve the participation of two or more persons, but does not necessarily require
it. 

Other jurisdictions have refused to apply Wharton's Rule to conspiracy cases involving
substantive drug offenses for various reasons. See United States v. Jones, 801
F.2d 304, 311 (8th Cir. 1986) (Wharton's Rule inapplicable because Congress never
manifested intent to restrict federal conspiracy statute); United States v. Bommarito,
524 F.2d 140, 145 (2nd Cir. 1975) (same); Zambrana v. United States, 790 F.
Supp. 838, 849 (N. D. Ind. 1992) (where the consequences of the conspiracy will impact
society at-large rather than merely the parties, and the conspiracy is likely to result in
numerous purchase and sale agreements to distribute cocaine, Wharton's Rule is
inapplicable). The evidence at trial showed this case involved a large amount of cocaine.
If the conspiracy had been successful, it likely would have affected not only the parties
to the conspiracy, but other individuals as well. Wharton's Rule is inapplicable here
because this conspiracy fails to meet the limited harm prerequisite of the doctrine. We
overrule point of error number four. 

The judgment of the trial court is affirmed. 



____________________________________ 

LINDA REYNA YAÑEZ 

Justice 



Do not publish. Tex. R. App. P. 47.3 



Opinion delivered and filed 

this 6th day of April, 2000. 



1. State's Exhibit 15 also contained other conversations between
Gist, Hernandez, and another law enforcement officer, as well as conversations between
Hernandez and individuals not associated with this case. A third audiotape, Defendant's
Exhibit 4, containing separate conversations, was also admitted at trial.