11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Collin
Michael Littrell

Appellant

Vs.                   No. 11-01-00348-CR - Appeal from Palo Pinto
County  

State
of Texas

Appellee

 

                                                             Memorandum
Opinion

The jury convicted Collin Michael Littrell of
burglary of a habitation.  After he
entered pleas of Atrue@ to the two enhancement
allegations, the jury assessed his punishment at confinement for life.  We affirm.

                                                                   The
Indictment

The indictment charged that, on or about January
12, 2000, appellant entered a habitation in Palo Pinto County without consent
and with the intent to commit theft. 
The indictment also charged that, prior to the commission of that
offense, appellant had final convictions for forgery and for burglary of a
habitation.

                                                                    Point
of Error

There is no challenge to the sufficiency of the
evidence.  Appellant presents only one
point of error.  In that point, he
argues that the trial court erred:

[I]n
receiving into evidence a written statement from a participant in the alleged
offense over appellant=s
timely objection.

 

The Atimely
objection@ was that: AThere=s no predicate been laid
for how the statement was taken or to who or under what circumstances it was
taken.@ 

                                                                Relevant
Evidence








The State called only two witnesses before it
rested.  The first witness was Audrey
Czajkowski Bryant.  She testified that
she and her family lived at 227 Hilltop Road in Mineral Wells on January 12,
2000, when someone broke into their home and took some of their property.  She described what she found when she got
home that day and how the burglary had affected them.  She also said that the police recovered some, but not all, of the
property which was stolen.  

The second witness was Deputy Sheriff Marc
Moon.  He identified the confession
which appellant made to him on February 11, 2000.  The trial court held a hearing pursuant to Jackson v. Denno, 378
U.S. 368 (1964), and ruled that the confession was admissible.  After Deputy Moon proved that appellant had
voluntarily made the statement, it was admitted into evidence and read to the
jury.  There is no appellate complaint
as to the use of appellant=s
confession.  Omitting the statutory
warnings, waivers, and signatures, the confession reads as shown:

My full name is Collin Michael Littrell.  I live at 4303 Oak Trl Dr. Granbury,
TX.  I am 25 years of age, having been
born 1-2-75.

 

                                                            *   *  
*

 

About the middle of January [William Johnson and
I] were driving on the North side of Mineral Wells and we noticed a nice brick
home with the garage door about half-way open  
  I went to the front door and
knocked on the door to see if anyone was home, when no one answered the door
William went under the garage door and broke into the house....William opened
the front door and let me into the house. 
I went to the Master bedroom closet, and went through the thing in
there    I took a camcorder that was in
the case, I then went to the other bedrooms and took a playstation and Nintendo
64, I kicked open a door to a computer room and took a bottle of Crown Royal, I
took some C.D.s out of one of the rooms. 
William also was also getting property like 2-T.V.s, V.C.R.  We put all the property by the front door
until we were ready to leave, we also took a Sony C.D. player,   I may have took some coins out of the house
I do not remember.  When we were
finished going through the house we put the property in the car and left.  We pawned most of the property at pawn shops
on Jacksboro Hwy.  Some of the property
we threw out on the side of the road in Erath Co.

 








After the State rested, appellant=s trial counsel called
William James Johnson as a witness. 
Johnson testified that he was currently residing in the Comanche County
Jail, that he had known appellant for about three years, and that they had been
roommates in 1999 and 2000.  Appellant=s girlfriend and their
daughter also lived with appellant. 
Johnson testified that he had Apleaded
out for 14 years@ on
the burglary of Bryant=s
home in Palo Pinto County; that appellant was not with him at the time of this
burglary; that appellant=s
girlfriend was with Johnson at the time of the burglary; that appellant wanted
to protect her because she was the mother of his child; and that this was the
reason the two of them told Deputy Moon that appellant was with him at the time
of the burglary.

During the State=s
cross-examination of Johnson, he identified the statement which he gave to
Deputy Moon on February 11, 2000.  
Johnson admitted that he signed the statement, and the district attorney
offered that statement as an exhibit. 
The record then shows the following:

[DEFENSE COUNSEL]: Your Honor, we would object
to this.  There=s no predicate been laid
for how the statement was taken or to who or under what circumstances it was
taken.

 

THE COURT: Okay. 
I=ll overrule
that objection.  It=s admitted.  (Emphasis added)

 

Johnson also testified that he and appellant had discussed their
statements in the holding cell and that appellant said that Ahe was taking the rap@ instead of his
girlfriend.  On redirect examination,
Johnson told the jury that he was telling the truth and that he had given the
false confession to help appellant cover for his girlfriend.

Appellant then took the witness stand and
testified that he was not with Johnson when Johnson burglarized the house and
that he gave the false confession because he did not want his girlfriend to go
to jail.  Appellant also testified that
he asked Johnson to tell the police that appellant was with him at the time of
the burglary and to not tell them about appellant=s  girlfriend. 
Appellant said that he did not want his daughter to grow up without a
mom.  Appellant testified that, back
when he gave the statement, he was just trying to protect A[his] wife or [his]
girlfriend, whatever you want to call her.@  Since then, he learned that the State was Atalking about making [him]
do half [his] life in prison and that really scares [him].@  Appellant said that he regretted making the false
confession.  During his
cross-examination, he admitted that he had prior convictions for three
forgeries and one burglary.  Also, he
admitted that he was Ajust
recently convicted in Hood County@
for eight burglaries and an escape.

                                                    Trial Court=s Ruling








Appellant=s
objection that there was no predicate laid to show Ahow the statement was taken or to who or under
what circumstances@
was properly overruled by the trial court. 
The statement shows on its face that it was given to Deputy Moon, that
all of the required warnings were given, and that the witness had waived his
right to remain silent and his right to consult with counsel.  Moreover, the prosecutor went over the
warnings and waivers during his cross-examination of the witness.  The sole point of error is overruled.

                                                              Complaint
on Appeal

Appellant cites Cofield v. State, 857 S.W.2d 798
(Tex.App. - Corpus Christi 1993), aff=d,
891 S.W.2d 952 (Tex.Cr.App.1994), which discussed TEX.R.EVID. 803(24).  The objection in the trial court did not
relate to the problem discussed in Cofield.  Appellant has not preserved that complaint for appellate
review.  Ibarra v. State, 11 S.W.3d 189
(Tex.Cr.App.1999), cert. den=d,
531 U.S. 828 (2000); Knox v. State, 934 S.W.2d 678, 687 (Tex.Cr.App.1996).

Even if the issue had been preserved, it would
have not shown reversible error under TEX.R.APP.P. 44.2(b) because appellant=s testimony and appellant=s prior inconsistent
written statement were both admitted into evidence without objection; they were
virtually identical to the witness=
testimony and to the witness=
prior inconsistent written statement. 

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

 

March 28, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of:  Wright, J., and

McCall,
J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.