

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00092-CR
## No. 10-17-00093-CR

**THE STATE OF TEXAS,**

**Appellant**

 **v.**

**SEAN MICHAEL RHINE,**

**Appellee**

**From the 440th District Court
Coryell County, Texas
Trial Court Nos. 16-23695 and 16-23696**

## MEMORANDUM OPINION

Sean Michael Rhine was charged with two offenses of Sexual Assault of a Child. *See* TEX. PENAL CODE ANN. § 22.011(2) (West 2015). Rhine filed motions to suppress for each offense which were granted. Because the trial court erred in granting the motions to suppress, the trial court's orders are reversed, and these cases are remanded to the trial court for further proceedings.

## BACKGROUND

Officer Michael Cochran of the Gatesville Police Department was patrolling Highway 36 between 3 a.m. and 3:30 a.m., scanning for burglars and suspicious activity. A tail light or a brake light drew his attention to the area of a church and business park consisting of two buildings, where he saw a parked vehicle. The backside of the buildings faced the south side of the church. Cochran worked the night shift and had routinely conducted checks on the businesses. Over the last two and a half years of doing these checks, he had never seen anyone in the area where the vehicle was parked. He suspected a burglary might be occurring and went to investigate.

Cochran used his bright lights and spotlight as he drove up to the vehicle and noticed movement in the back seat. He parked behind the vehicle and continued to illuminate the vehicle with his spotlight. He walked toward the vehicle but gave the occupants time to get themselves dressed.

Rhine exited the vehicle, with his belt unfastened, and was buttoning his pants. When Rhine exited, Cochran asked for identification, and Rhine produced his military ID. Cochran asked if Rhine had a driver's license, which Rhine retrieved from the vehicle. He asked Rhine his age and the age of the female who remained in the vehicle. Rhine replied that they were both 20 years old. When Cochran asked the female her age, she would not respond. After Cochran repeated the question several times, the female responded that she was 14 years old.

Rhine was not arrested that night and was allowed to leave in the vehicle. Another officer took the female occupant home.

**MOTION TO SUPPRESS**

In four issues, the State contends the trial court erred in granting Rhine's motions to suppress.[1] Because it is dispositive of this appeal, we begin with a review of the State's third issue. In that issue, the State asserts that the trial court erred in granting Rhine's motion to suppress because there was reasonable suspicion to detain Rhine. The trial court concluded that a detention occurred when Officer Cochran first pulled in behind Rhine's vehicle. For the purposes of deciding the State's third issue, we assume without deciding that this conclusion is correct.

*Standard of Review*

We review a trial judge's ruling on a motion to suppress by viewing all of the evidence in the light most favorable to the trial judge's ruling. *Wade v. State*, 422 S.W.3d 661, 666 (Tex. Crim. App. 2013); *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). When the trial judge makes explicit findings of fact, we afford those findings almost total deference as long as the record supports them, regardless of whether the motion to suppress was granted or denied. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We

---

[1] The State raises identical issues and arguments in each appeal. Therefore, when we refer to the State's "issue," we refer to the issue in both appeals.

conduct a *de novo* review, however, of a trial court's application of the law of search and seizure to the facts. *Id*. at 667; *Garcia-Cantu*, 253 S.W.3d at 241.

*Reasonable Suspicion*

Under the Fourth Amendment, a warrantless detention of the person that amounts to less than a full-blown custodial arrest must be justified by a reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. *Derichsweiler v. State*, 348 S.W.3d at 914. It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified. *Id*. "[T]he relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of suspicion that attaches to particular non-criminal acts." *Id*. (quoting *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997)).

Rhine contends the facts of his case are similar to the facts of *Shaffer v. State* in which the Court of Criminal Appeals held the officer did not have any articulable facts

to justify a detention of the appellant where the appellant was driving his taxicab about 5-10 miles per hour in a commercial area at 3:00 a.m. when all the businesses were closed and had stopped mid-block, drove slowly to an intersection, stopped at a green light, turned, and continued in the same manner. *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex. Crim. App. 1978). However, in *Shaffer,* the Court based its holding on the "as consistent with innocent activity" construct which is no longer a viable test for reasonable suspicion. *See Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). Thus, we do not consider *Shaffer* to be controlling in this case.

We agree that neither time of day nor level of criminal activity in an area are suspicious in and of themselves; the two are merely factors to be considered in making a determination of reasonable suspicion. *Crain v. State,* 315 S.W.3d 43, 53 (Tex. Crim. App. 2010). We further acknowledge that other courts have held, in situations somewhat similar to this case, that the detention was not supported by reasonable suspicion. *See e.g. Crain v. State*, 315 S.W.3d 43 (Tex. Crim. App. 2010) (officer who, after seeing defendant walking late at night and grab at his waist when the officer passed him, returned to find defendant 10 minutes later after the officer responded to a theft call, did not have reasonable suspicion to detain defendant); *Klare v. State*, 76 S.W.3d 68, 70, 77 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (vehicle parked in the early morning hours behind a closed strip shopping center but facing an open 24 hour convenience store did not support reasonable suspicion).

But the concept of reasonable suspicion cannot be reduced to "a neat set of legal rules." *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585, 104 L. Ed. 2d 1 (1989); *Tanner v. State*, 228 S.W.3d 852, 856 (Tex. App.—Austin 2007, no pet.). The facts are judged under "an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968). Thus, we should avoid a formulaic approach or a piecemeal comparison of similar factors in other cases, and instead, we consider the totality of the circumstances in this case and rely on commonsense inferences, asking whether Cochran was justified in drawing inferences from and deductions about the cumulative information available to him at the time of the detention. *See Tanner*, 228 S.W.3d at 857.

In this case, Cochran saw a vehicle in an area of a church and a business park at a time of day where it was reasonable to infer the business and church were long closed and where, in 2 ½ years of night-shift patrolling, no vehicles with lights on had been seen before. There was a short distance, 20-30 yards, between the closed buildings and the back of the business park faced the area where the vehicle was parked. The light from the vehicle caught his attention. Thus, it was reasonable to infer that someone was in the vehicle. Cochran then investigated these circumstances.

When these facts and inferences are viewed together and common sense is applied to the totality of these circumstances, we conclude that Cochran had specific,

articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person he ultimately detained was, had been, or soon would be engaged in criminal activity. As the Austin court noted, an officer who does not have enough information upon which to base an arrest is not required to simply shrug his shoulders and allow a crime to occur or a criminal to escape. *Tanner v. State*, 228 S.W.3d 852, 858-859 (Tex. App.—Austin 2007, no pet.).

Accordingly, we hold the trial court erred in its determination that Cochran did not have reasonable suspicion to temporarily detain Rhine and in granting Rhine's motions to suppress. The State's third issue is sustained.

**CONCLUSION**

Because of our resolution of the State's third issue, we need not discuss the State's remaining issues. We reverse the trial court's orders granting Rhine's motions to suppress, and remand these cases to the trial court for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and remanded
Opinion delivered and filed November 15, 2017
Do not publish
[CR25]

