874 S.W.2d 729 (1994)
In the Matter of G.F.O.
No. 01-92-00980-CV.
Court of Appeals of Texas, Houston (1st Dist.).
March 17, 1994.
*730 E. Kent Ellis, Houston, for appellant.
John B. Holmes, Jr., Timothy G. Taft, Houston, for appellees.
Before OLIVER-PARROTT, C.J., and O'CONNOR and WILSON, JJ.

OPINION
O'CONNOR, Justice.
The appellant, a juvenile, was charged with murder in a drive-by shooting. This is an appeal from an order waiving jurisdiction over a juvenile and transferring him to district court for criminal proceedings. We affirm.

Fact Summary
The State charged the appellant with the murder of a 12-year-old girl who was shot to death while at her birthday party. Police testified that a rival gang member, who was thought to be at the party, was the intended target of the shooting.
*731 The State introduced a written statement by the appellant, the magistrate's warning, an autopsy report, and witnesses' statements, and the court admitted them despite the appellant's objection. The trial court waived jurisdiction and transferred the appellant, who was 15 years old at the time of the shooting, to district court to be tried as an adult.

Authentication of confession
In point of error one, the appellant challenges the trial court's admission of the appellant's confession into evidence during the certification hearing. He argues that the confession was not authenticated and there was no testimony that the statement was actually given, read, understood, signed, or voluntarily made.
The Rules of Civil Evidence apply in all civil proceedings except as otherwise provided by statute. TEX.R.CIV.EVID. 101.[1] Rule 901(a) requires the authentication or identification as a condition precedent to admissibility; the requirement is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
The confession was initially offered into evidence without any testimony as to its authenticity. The appellant's counsel objected to the lack of authentication, but was overruled. Later, at the hearing, Houston Police Officer Waymon O. Allen, Jr., the arresting officer, testified that the confession was a true and correct copy of the statement given by the appellant. He then identified the appellant in the courtroom.
A document is considered authentic if a sponsoring witness vouches for its authenticity or if the document meets the requirements of self-authentication. Castro v. Sebesta, 808 S.W.2d 189, 195 (Tex.App. Houston [1st Dist.] 1991, no writ). We hold the confession was properly authenticated as required by Tex.R.Civ.Evid. 901 because the police officer identified the appellant and his confession.
We overrule point of error one.

Admissibility of exhibits
In point of error two, the appellant challenges the trial court's admission into evidence of an autopsy report with pictures, his confession, and the unauthenticated statements of witnesses. He complains the report, confession, photos, and the statements are hearsay.
At the certification hearing, the autopsy report and pictures, the appellant's confession, and the unauthenticated statements of witnesses were admitted over hearsay and authentication objections. The objections were properly preserved for appeal.
If there is evidence upon which a grand jury may be expected to return an indictment, the judge in a certification hearing is authorized to consider such evidence. Tex.Fam.Code § 54.02(f)(3); B.L.C. v. State, 543 S.W.2d 151, 154 (Tex.Civ.App.Houston [14th Dist.] 1976, writ ref'd n.r.e.); In re M.E.C., 620 S.W.2d 684, 687 (Tex.Civ.App. Dallas 1981, no writ) (trial judge considered the statements of the juvenile and his alleged accomplices without regard to whether these statements were admissible evidence). A grand jury may consider evidence that is incompetent and inadmissible. United States v. Calandra, 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974); Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408-409, 100 L.Ed. 397 (1956).
We overrule point of error two.

Abuse of discretion
In point of error three, the appellant complains that the court abused its discretion by waiving its exclusive jurisdiction against the great weight and preponderance of the evidence admitted at the hearing.
Section 56.01 of the Family Code, which authorizes an appeal of a discretionary transfer, provides that the same rules that govern the appeal of civil cases shall apply. In re T.D., 817 S.W.2d 771, 773 (Tex.App. Houston [1st Dist.] 1991, writ denied). The standards for evaluating the evidence are the factual and legal sufficiency standards. Id. If an appellate court finds the evidence factually *732 or legally insufficient to support the juvenile court's order transferring jurisdiction of a youth to the criminal district court, it will necessarily find the juvenile court has abused its discretion. Id.
Section 54.02 of the Family Code grants a juvenile court the right to waive its exclusive jurisdiction and transfer a child to the appropriate district court if:
(1) the child is alleged to have violated a penal law of the grade of felony;
(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and
(3) after full investigation and hearing the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.
TEX.FAM.CODE § 54.02(a); see also In re R.A.G., 866 S.W.2d 199, 200 (Tex.1994) (R.A.G. only refers to (3)).
Here, the appellant, who was 15 years old at the time of the offense, is accused of a felony. There has been no adjudication hearing. In its investigation, the court found:
The respondent is of sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional and statutory rights heretofore waived by the said respondent, and to have aided in the preparation of this defense;
That the offense was against the person of another and was committed in the aggressive and premeditated manner;
That evidence was presented concerning the alleged offense upon which a grand jury may be expected to return an indictment;
That the evidence and reports presented to the Court demonstrated to the Court that there is little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the said respondent, by the use of procedures, services and facilities currently available to the juvenile court.
The juvenile court arrived at its findings after considering testimony from 12 witnesses, including the residents of the home where the victim was shot, three Houston police officers, the appellant's high school football coach, the appellant's probation officer, a child psychologist who interviewed the appellant, eyewitnesses, and an official with the Texas Youth Commission. The documentary evidence introduced included the certification investigation report, and psychological and psychiatric evaluations.
The court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards we use to review the evidence to support the jury's answers to the charge. In re A.T.S., 694 S.W.2d 252, 253 (Tex.App. Fort Worth 1985, writ dism'd w.o.j.). When reviewing a jury verdict to determine the factual sufficiency of the evidence, the court of appeals must consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986); Otis Elevator Co. v. Joseph, 749 S.W.2d 920, 923 (Tex.App.Houston [1st Dist.] 1988, no writ).
In his evaluation, psychologist Glenn Edmiston reported that the appellant was a native of Columbia and lived in the United States eight years. The appellant has three siblings and his mother is a school custodian who earns $9,000 a year. The appellant received decent grades in school and wanted to study pharmacy in college. The appellant does not have a criminal record.
Houston Police Officer Michael Howard, who investigates gang-related crimes, testified that he talked with the appellant about gang activity at his high school. Howard testified the appellant said he was a member of the Latin Tribe Crypt gang. Howard told the court that the appellant had trouble with a member of the Mixed Mafia, a rival gang, and the appellant's house had been shot at in the past.
*733 Texas Youth Commission psychologist Larry Rheue testified that a juvenile charged with homicide could spend up to two years and nine months at the Texas Youth Commission in a locked facility, and then could go on parole supervision in the community. He stated it could be more difficult to rehabilitate a gang member as counselors have to deal with the youth's desire to be accepted by their peers by being involved in criminal activities.
After reviewing the testimony presented at the certification hearing, we find there was evidence to support the trial court's findings. We overrule point of error three.
NOTES
[1] All references to the rules are to the Rules of Civil Evidence.