In the Matter of J.B.L. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-201-CV

        IN THE MATTER OF J.B.L.,
                                                                                               Appellant
                                        

From the 314th District Court
Harris County, Texas
Trial Court # 73434
                                                                                                    

O P I N I O N
                                                                                                    

          J.B.L., a juvenile, was charged with capital murder. He appeals a judgment by the 314th
District Court of Harris County, sitting as a juvenile court, waiving its exclusive jurisdiction and
transferring him to district court for criminal proceedings. Through four points of error, he
argues: (1) the court committed reversible error in admitting into evidence over the appellant's
hearsay objection a number of written witness statements implicating him in the murder; (2) the
admission of these hearsay statements deprived him of his state and federal constitutional right to
confront his witnesses; (3) the court's order failed to state with sufficient specificity the reasons
for the appellant's transfer to criminal district court; and (4) the court relied upon undisclosed
reasons in its decision to transfer the appellant. We affirm.
Factual Background
          The State charged the appellant with the capital murder of Babycutty K. John, who was
killed when two male youths each shot him as they attempted to rob him in his home. The
appellant initially informed the police that he was an innocent bystander to the murder committed
by two of his acquaintances. These statements, however, were later contradicted by several
witnesses, each one implicating the appellant in the shooting.
          The State introduced into evidence sworn written statements made by each of these
witnesses, and the court admitted them despite the appellant's objections on grounds of hearsay. 
None of the witnesses testified in person at the hearing. Upon conclusion of the hearing, the court
waived jurisdiction and transferred the appellant, who was 16 years old at the time of the offense,
to the district court to be tried as an adult.
Hearsay Objections
          In his first point of error, the appellant complains the court erred in admitting into
evidence, over his objections, the sworn written statements mentioned above because they
constituted hearsay.
          A judge in a certification hearing is authorized to consider any evidence that a grand jury
could consider in deciding to return an indictment. Tex. Fam. Code Ann. § 54.02(f)(3) (Vernon
1986); In re J.S.C., 875 S.W.2d 325, 330 (Tex. App.—Corpus Christi 1994, writ dism'd by agr.);
In re G.F.O., 874 S.W.2d 729, 731 (Tex. App.—Houston [1st Dist.] 1994, no writ). A grand
jury may consider evidence that is incompetent and inadmissible. In re G.F.O., 874 S.W.2d at
731. Therefore, the court could consider the several written statements mentioned above whether
or not the statements constituted hearsay. Id. We overrule appellant's first point of error.
Right to Confrontation
          In point of error two, the appellant contends that his state and federal constitutional right
to confront his witnesses was violated when it accepted into evidence written statements containing
hearsay. See U.S. Const. amend. VI.; Tex. Const. art. I, § 10.
          While the appellant did object at the hearing to the introduction into evidence of the several
written statements, he objected only on the ground of hearsay; he mentioned nothing about a
possible violation of his right to confrontation. Hearsay complaints and confrontation complaints
are distinct from one another and they require objections to be lodged on both grounds to preserve
error on each. Cofield v. State, 857 S.W.2d 798, 804 (Tex. App.—Corpus Christi, 1993), aff'd,
891 S.W.2d 952 (Tex. Crim. App. 1994); see also In re M.A.B., 641 S.W.2d 621, 623 (Tex.
App.—Corpus Christi 1982, no writ) (argument on appeal must comport with objection at trial). 
In fact, in criminal cases, the right to raise a violation of one's constitutional right to confront
witnesses will be waived if no objection is made to the claimed violation at trial, even if a hearsay
objection is lodged. Ward v. State, No. 12-93-42-CR, slip op. at 6 (Tex. App.—Tyler, March 31,
1995, n.w.h.) (citing Cofield, 857 S.W.2d at 804). We see no reason why the requirement of an
objection at a criminal trial to preserve a confrontation complaint on appeal should not also apply
in civil appeals from certification hearings. Therefore, because the appellant failed to raise his
confrontation complaint at the certification hearing, his argument will not be considered on appeal. 
His second point is overruled.
Specificity of Reasons for Transfer
          If a juvenile court transfers a juvenile to district court for criminal proceedings, it is
required to state with specificity the reasons for the transfer. Tex. Fam. Code Ann. § 54.02(h)
(Vernon Supp. 1995). The appellant, in his third point of error, asserts the court's order failed
to state with sufficient specificity the reasons for its decision to waive jurisdiction over him. The
court's transfer order reads, in relevant part:
After full investigation and hearing at which hearing the child, his counsel, his father, ...
and his mother, ... were present; the Court finds that the said [J.B.L.] is charged in the
violation of a penal law of the grade of felony, if committed by an adult, to wit: CAPITAL
MURDER OF BABYKUTTY JOHN, COMMITTED ON OR ABOUT FEBRUARY 23,
1993; that there has been no adjudication of this offense; that he was 16 years of age at the
time of the commission of the alleged offense, having been born on the 30th day of June,
1976; that there is probable cause to believe that the child committed the offense alleged
and that because of the seriousness of the offense the welfare of the community requires
criminal proceedings. In making that determination, the Court has considered, among
other matters:
 
                    1.       Whether the alleged offense was against the person or property, with the
greater weight in favor of waiver given to offenses against the person;
 
                    2.       Whether the offense was committed in an aggressive and premeditated
manner;
 
                    3.       Whether there is enough evidence upon which the grand jury may be
expected to return an indictment;
 
                    4.       The sophistication and maturity of the child;
 
                    5.       The record and previous history of the child; and
 
                    6.       The prospects of adequate protection of the public and the likelihood of
reasonable rehabilitation of the child by use of procedures, services and
facilities currently available to the Juvenile Court.
 
The Court finds that the penal laws alleged to have been violated by [J.B.L.] were
laws of the grade of felony, and was an offense against a person. The Court further finds
that [J.B.L.] is now 17 years of age and was at the time of the alleged offense 16 years of
age or over. The Court further finds that there was no adjudication hearing concerning the
offense. The Court has considered the offense and finds that it was committed in an
aggressive and premeditated manner, and that there is sufficient evidence upon which a
grand jury might be expected to return an indictment, and that the Court has considered
the sophistication and the maturity of [J.B.L.] and his previous history.
 
The Court specifically finds that [J.B.L.] is of sufficient sophistication and maturity
to have intelligently, knowingly and voluntarily waived all constitutional and statutory
rights heretofore that may have been waived by [him] and further that [he] has sufficient
present ability to aid and assist his attorney and is of sufficient sophistication and maturity
to intelligently and knowingly understand and have a rational as well as a factual
understanding of the proceedings in this Court and to rationally assist in his own defense. 
The Court finds that it has considered the rehabilitative processes available to this Court
and the facilities currently available to this Court, and having considered these among
other matters, the Court finds that there is little if any, likelihood that the facilities and
services available to this Court could reasonably be expected to rehabilitate [J.B.L.] and
that there is from the nature of the offense the likelihood that the public is not adequately
protected from such future such conduct, and for those reasons and other reasons, the
jurisdiction of this Court is waived in this cause.

          While the appellant is complaining generally about a lack of specificity in the factual
reasons for the court's decision, he specifically attacks the court's order for merely reciting the
boilerplate factors the juvenile courts are directed by the Legislature to consider in certification
hearings. The factors are:
          (1)      [W]hether the alleged offense was against person or property, with greater weight
in favor of transfer given to offenses against the person;
 
          (2)      whether the alleged offense was committed in an aggressive and premeditated
manner;
 
          (3)      whether there is evidence on which a grand jury may be expected to return an
indictment;
 
          (4)      the sophistication and maturity of the child;
 
          (5)      the record and previous history of the child; and
 
          (6)      the prospects of adequate protection of the public and the likelihood of the
rehabilitation of the child by use of procedures, services, and facilities currently
available to the juvenile court.

Tex. Fam. Code Ann. § 54.02(f) (Vernon 1986).
          We note that at the certification hearing the court had before it: live testimony from the
investigating officer in the case; live testimony from the deceased's widow; sworn affidavits from
witnesses to the crime and acquaintances of the appellant; several psychological evaluations of the
appellant; the appellant's probation file; and a criminal history of the appellant indicating, among
other things, arrests on two counts of theft between $20.00 and $199.99, burglary of a habitation,
carrying a prohibited weapon on a school campus, and motor vehicle theft.
           The San Antonio Court of Appeals found a juvenile court's transfer order to be sufficiently
specific under a similar set of facts in In re F.A., 835 S.W.2d 748, 749-750 (Tex. App.—San
Antonio 1992, no writ). See also In re T.D., 817 S.W.2d 771, 775-777 (Tex. App.—Houston [1st
Dist.] 1991, writ denied). We agree with the San Antonio court that the reasons involved in its
case were stated with sufficient specificity; therefore, we conclude that the reasons stated in the
instant case are sufficiently specific. Accordingly, the appellant's third point is overruled.
Undisclosed Reasons for Transfer
          In his fourth and final point, the appellant argues the court committed reversible error by
relying upon undisclosed reasons in its decision to certify him. As the basis for his argument, the
appellant refers to several places in the transfer order where the court indicated that it had
considered "other matters" and "other reasons" not stated in the order in making its decision to
transfer.
          It is axiomatic that if section 54.02(h) requires a juvenile court to state with specificity the
reasons for its decision to certify a juvenile for criminal proceedings as an adult, the juvenile court
may not rely upon undisclosed reasons in deciding to certify a juvenile. See Kent v. United States,
383 U.S. 541, 563, 86 S.Ct. 1045, 1058 (1966); In re J.R.C., 522 S.W.2d 579, 583 (Tex.
App.—Texarkana 1975, writ ref'd n.r.e.). Accordingly, the court erred to the extent that it relied
upon reasons not stated in the order for its decision to certify the appellant.
          However, the reasons the court did cite for its decision to transfer the appellant were more
than sufficient to support the transfer order. Any reference the court made in its order to "other
reasons" or "other matters" in support of its decision was extraneous and can be disregarded by
this court. Accordingly, we fail to find that the error amounted to such a denial of the rights of
the appellant as was reasonably calculated to cause and probably did cause the rendition of an
improper judgment. Tex. R. App. P. 81(b)(1). Therefore, we conclude the court's error was
harmless, and we overrule the appellant's fourth point of error.
          Having overruled each of the appellant's four points of error, the judgment is affirmed.

                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 14, 1995
Do not publish