**In the Matter of D.L.N., Appellant.**

**No. 14–94–01226–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 5, 1996.

Sharon Meier Krenz, Dickinson, for appellant.

Denise V. Wilkerson, Galveston, for appellees.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

FOWLER, Justice.

Appellant, D.L.N., a juvenile, was charged with capital murder. TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon Supp.1996). He was sixteen years old. The County Court at Law Number 2, Galveston County, waived jurisdiction and transferred him to criminal district court. Appellant brings three points of error contending the trial court abused its discretion (1) in finding probable cause to believe that appellant committed capital murder under the law of parties; (2) in finding appellant was of sufficient sophistication and maturity to waive juvenile jurisdiction; and (3) in finding sufficient evidence to waive jurisdiction of the juvenile court.

## FACTS AND PRIOR POSTURE

The State charged appellant with capital murder. It was stipulated at the transfer hearing by the State and appellant that Joe Darin Campbell died as a result of being shot with a handgun on or about June 16, 1994, in Galveston County, Texas. A police officer testified that appellant and Jeremy Gartrell were later arrested at the Gartrell residence. The State introduced into evidence at the hearing a written statement by appellant, the magistrate's warning, appellant's birth certificate, and appellant's psychological report. At the conclusion of the hearing, the trial court waived juvenile jurisdiction and transferred appellant to district court to be tried as an adult.

## TRANSFERRING JUVENILE JURISDICTION

A juvenile court may waive its exclusive, original jurisdiction and transfer a child to the appropriate district court for criminal proceedings if the child is alleged to have committed a felony and was 15 years of age or older at the time of the alleged offense. TEX. FAM.CODE ANN. § 54.02(a) (Vernon Supp.1994).

When considering whether to transfer its jurisdiction, the court must conduct a full investigation and hearing. *Id.* Before conducting the transfer hearing, the juvenile court shall order and obtain a certifi-

cation investigation report. This report consists of a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense. TEX. FAM.CODE ANN. § 54.02(d) (Vernon 1986). The purpose of a hearing conducted pursuant to section 54.02 is not to determine guilt or innocence but to determine whether the juvenile's and society's best interests are served by maintaining juvenile custody of the child or by transferring him to a criminal district court. *Id.* After reviewing the reports and after the hearing, the juvenile court then determines whether there is probable cause to believe that the child committed the offense alleged, and whether because of the seriousness of the offense or the background of the child, the welfare of the community requires criminal proceedings. *Id.*

The standard of review governing an appeal from a juvenile certification proceeding is the same as those in civil cases generally. *See* TEX. FAM.CODE ANN. § 56.01(b) (Vernon 1986); *In the Matter of T.D.*, 817 S.W.2d 771, 773 (Tex.App.—Houston [1st Dist.] 1991, writ denied). The juvenile court's findings of fact are reviewable by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answers to a charge. *In the Matter of J.P.O.*, 904 S.W.2d 695, 700 (Tex.App.—Corpus Christi 1995, writ denied); *In re G.F.O.*, 874 S.W.2d 729, 731–32 (Tex.App.—Houston [1st Dist.] 1994, no writ). When considering a "no evidence" point of error, we look only to the evidence favorable to the judgment to determine whether there is any evidence to support the finding. In reviewing an "insufficiency point," we consider and weigh all of the evidence in the case, and, if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, we set aside the judgment and remand for a new trial. *In re G.F.O.*, 874 S.W.2d at 731–32.

## POINTS OF ERROR

Appellant asserts in his first and third points of error the trial court abused its discretion in waiving jurisdiction because the evidence was insufficient to support its find-

ing of probable cause that he was guilty of capital murder under the law of parties. Section 54.02 of the Texas Family Code requires the juvenile court to determine whether probable cause exists to believe the child committed the offense alleged. *In the Matter of J.P.O.*, 904 S.W.2d at 700. Probable cause is defined as sufficient facts and circumstances to warrant a prudent man to believe the suspect committed or was committing the offense. *Id.* The probable cause standard of proof embraces a practical, common sense approach rather than the more technical standards applied in the burdens of proof of either beyond a reasonable doubt or a preponderance of the evidence. *In re D.W.L.*, 828 S.W.2d 520, 524 (Tex.App.—Houston [14th Dist.] 1992, no writ) (citing *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Mayfield v. State*, 800 S.W.2d 932, 934 (Tex.App.—San Antonio 1990, no pet.).

Evidence is sufficient to support a conviction of a person under the law of parties if he acts intentionally or promotes or assists the commission of an offense, or if he solicits, encourages, directs, aids, or attempts to aid another person in committing an offense. Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 1974). The evidence need only show that the actor was present at the commission of the offense and encouraged the commission of the offense either by words or other agreement. *Burdine v. State*, 719 S.W.2d 309, 315 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). In determining whether a defendant participated in an offense as a party, the court may examine the events occurring before, during, and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to commit the offense. *Beier v. State*, 687 S.W.2d 2, 3 (Tex.Crim.App.1985); *Estrada v. State*, 824 S.W.2d 770, 773–74 (Tex.App.—Houston [14th Dist.] 1992), *pet. dism'd, improvidently granted*, 846 S.W.2d 332 (Tex.Crim.App.1993).

In reviewing appellant's legal sufficiency challenge, we must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *In the Matter of T.D.*, 817 S.W.2d at 777. Appellant stated that he and Gartell talked almost all day about committing a car-jacking. Gartell told appellant while they were still at appellant's friend's house to go into his friend's dad's room and steal a 9 mm gun. Appellant did as Gartell instructed; however, he stole a .22 automatic pistol. Appellant was not sure that Gartell wanted the .22 pistol so he went and asked Gartell if he had the right gun. Gartell decided the pistol was sufficient. Appellant then took the gun and hid it in the back of a car without anyone knowing except Gartell.

After being dropped off at Gartell's house, appellant and Gartell went outside and fired one round from the pistol into the air. At Gartell's house the two boys drank several bottles of malt liquor and became "pretty drunk." When appellant and Gartell left Gartell's house appellant stated he thought he kept the gun in the front of his pants. He stated he does not exactly remember, but thought he and Gartell switched off carrying the gun. A friend dropped the boys off at a Kroger parking lot and they walked to Taco Bell. Gartell told appellant "let's just car-jack that fool right there," as a Mustang drove by, and appellant said, "shut up, don't be stupid." Appellant and Gartell next walked over to Kroger's to buy a pack of cigarettes. Gartell saw a truck he wanted to car-jack, and appellant said, "alright dude, whatever." Appellant heard a gunshot, which killed Joe Darin Campbell, and then saw Gartell drive around some apartments and pull up to where he was. Gartell told appellant, "get in." Appellant ran around to the passenger's side, got into the truck, and they drove off.

Later, appellant helped dispose of the truck by putting it into neutral to roll it into a creek. Appellant also took his socks off so he could wipe down the truck and the gun clip. In addition, appellant discarded the gun Gartrell used to kill Campbell. We find this evidence is sufficient to support the trial court's finding that probable cause existed to believe appellant acted with intent to pro-

mote or assist in the commission of capital murder.[1]

■ In reviewing appellant's factual sufficiency contention, we consider all the evidence. *P.G. v. State*, 616 S.W.2d 635, 639 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.). The finding will be upheld if it is not so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *A.T.S. v. State*, 694 S.W.2d 252, 253 (Tex.App.—Fort Worth 1985, writ dism'd w.o.j.).

After reviewing all of the evidence we find the only relevant evidence that we have not already discussed is the testimony of police officer Sherry Burrows. She testified that there was no evidence that appellant shot Joe Darin Campbell. Having so testified, however, she *did not offer any evidence* which would exculpate appellant under the law of parties.

Appellant claims there is some evidence that shows his innocence. He contends his own statements contain no admissions or inferences that he killed the complainant. Appellant contends his act of taking the gun for Gartrell as he was directed, is not evidence that he knew the gun was involved in the crime. However, appellant did admit that he got into the truck after the gunshot, he wiped down the gun and the truck after the shooting, he helped dispose of the truck, and he discarded the gun.

We find after reviewing all the evidence, the court's determination of probable cause was not so against the great weight and preponderance of the evidence *as to be manifestly unjust or erroneous. In the Matter of T.D.,* 817 S.W.2d at 778. Appellant's first and third points of error are overruled.

■ In his *second point of error,* appellant asserts that (1) the trial court abused its discretion in finding appellant was of sufficient sophistication and maturity to be certified as an adult, and (2) it was error for the trial court to certify him as an adult. The trial court ordered a psychiatric assessment of appellant along with copies of his school records and a social history.

Dr. Grace Jameson, the court appointed psychiatrist, testified that appellant possessed at least average intelligence. She stated he knows the kinds of things somebody his age ought to know. He had the ability to figure out things, he could think in the abstract, and he had average vocabulary skills. She stated he suffered from chronic depression mainly because he had almost no contact with his father. His father was an alcoholic and he was rejected by his stepfather. She also stated he had low self-esteem, but did know right from wrong. She opined that he did not have the maturity and sophistication of the average 16 year old socially or emotionally; however, he did academically and intellectually.

Marilyn Schultz, a psychologist, examined appellant and his mother and testified on behalf of the State. She stated he was a young man well-developed and oriented. She found no real evidence of sociopathic tendencies and no evidence of mental illness or mental defect. She did find, however, that he had a tendency to go along with the plans of whatever friend he is around at the particular moment.

■ Neither the case law nor the Family Code require a specific *finding* on whether appellant had sufficient sophistication and maturity. TEX. FAM.CODE ANN. § 54.02 (Vernon 1990). At the time of this offense a juvenile court was required to consider the following six factors in determining whether to waive jurisdiction [2]:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

---

**1.** A person commits the offense of capital murder if he commits murder as defined under Section 19.02(b)(1) and (2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, or ob-struction or retaliation. TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon Supp.1996).

**2.** The current provision of section 54.02(f) lists only four factors, numbers (1), (4), (5) & (6) set forth in the opinion.

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) *the sophistication and maturity of the child;*

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

TEX. FAM.CODE ANN. § 54.02(f)(4) (Vernon 1975) (emphasis added). The juvenile court made all the required findings in its order. The order of the juvenile court waiving jurisdiction provided as follows:

The Court finds that the penal laws alleged to have been violated by the Respondent, were laws of the grade of felony, and were offense(s) against a person. The Court further finds that the Respondent is now and was at the time of the alleged offense(s) fifteen (15) years of age or over. The Court further finds that there was no adjudication hearing concerning the offense(s). The Court has considered the offense(s) and finds that they were committed in an aggressive and premeditated manner, and that there is sufficient evidence upon which a grand jury might be expected to return an indictment, *and that the Court has considered the sophistication and the maturity of the Respondent and his previous history.*

The Court specifically finds that the Respondent, DONALD LEROY NICHOLS, is of sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional and statutory rights heretofore waived by the said Respondent and is of sufficient sophistication and maturity to intelligently and knowingly understand and have a rational as well as a factual understanding of the proceedings in this Court and to rationally assist in his own defense, and further that said Respondent has sufficient sophistication and further said Respondent has suffi-

cient present ability to aid and assist his attorney. The Court finds that it has considered the rehabilitative process available to this Court, and having considered these among other matters, the Court finds that there is little, if any, likelihood that the facilities and services available to this Court could reasonably be expected to rehabilitate the Respondent and that there is from the expected nature of the offense(s) the likelihood that the public is not adequately protected from future such conduct, and for those reasons and other reasons, the jurisdiction of this Court is waived in this cause.

The trial court is bound only to *consider* these six factors in deciding whether to waive jurisdiction. The court need not find that each factor is established by the evidence. *In the Matter of K. W.,* 865 S.W.2d 481, 482 (Tex.App.—Tyler 1993, no writ); *Matter of C.C.G.,* 805 S.W.2d 10, 15 (Tex.App.—Tyler 1991, writ denied); *In re Q.D.,* 600 S.W.2d 392, 395 (Tex.Civ.App.—Fort Worth 1980, no writ). The juvenile court recited it had considered all six factors and the order specifically stated the reasons for waiving jurisdiction and transferring the cause. TEX. FAM.CODE ANN. § 54.02(h) (Vernon 1993). A specific finding that the juvenile has sufficient maturity and sophistication to stand trial as an adult is not required. *Id.*; *In the Matter of K.W.,* 865 S.W.2d at 482. However, if such a finding were required there is sufficient evidence to support such a finding in this case. Therefore, Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.