

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00323-CV

———————————————

IN THE MATTER OF K.W.

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. JV19-0052

---

Before Sudderth, C.J.; Gabriel and Bassel, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

## I. Introduction

Appellant K.W., who was ten days shy of turning eighteen at the time of the hearing from which this appeal arises, contends that the juvenile court[1] abused its discretion by waiving its jurisdiction and ordering him transferred to "the appropriate criminal district court" to be prosecuted as an adult for four offenses—three counts of aggravated sexual assault of a child and one count of indecency with a child by contact—that he allegedly committed when he was fourteen and fifteen. *See generally* Tex. Fam. Code Ann. § 54.02. Under the statute governing waivers of jurisdiction and discretionary transfers, a juvenile court may transfer a child to the appropriate district court or criminal district court for criminal proceedings if the child was at least 14 years of age at the time he is alleged to have committed a first-degree felony or at least 15 years of age at the time he is alleged to have committed a second-degree felony. *See id.* § 54.02(a). In four points, Appellant challenges the legal and factual sufficiency of the evidence to support the findings that he was statutorily eligible by minimum age to be tried as an adult for each of his four offenses. Because the record contains legally and factually sufficient evidence from which the juvenile court could have calculated Appellant's age on the dates alleged for the four offenses and could

---

[1]The "Petition Alleging Delinquent Conduct" states that the 415th District Court of Parker County was sitting as a juvenile court.

have determined that Appellant met the statutory minimum age to be tried as an adult for all four offenses, we affirm the juvenile court's waiver and transfer order.

## II. Background[2]

At the outset of the hearing on the State's petition for discretionary transfer, the State offered two exhibits: Appellant's psychological evaluation and the "Case History" prepared by assistant chief juvenile probation officer Scott Gieger. The psychological evaluation states that in June 2019, during the administration of a polygraph examination, Appellant "admitted to having sexually abused [a relative] since age 12, when she was age 9." The case history specifically states that Appellant was born in August 2001 and that the relative was born in January 2004. The case history also contains a notice of unsuccessful discharge from the Parker County Juvenile Offender Treatment Program. The discharge notice states that "[i]n preparation for a sexual history polygraph in April 2019, [Appellant] disclosed that he had sexually abused [a relative], who is approximately 22[ ]months younger . . . when she was aged nine to 12." The discharge notice also states that during the sexual-history polygraph in June 2019, Appellant stated that he had sexually abused a relative until she was 12 but that he had continued to expose himself to her after that in an attempt to get her to go along with sexual contact.

_____

[2]Because Appellant challenges only the sufficiency of the evidence regarding his age at the time of the four offenses, we focus the background section on evidence regarding his age.

One witness testified during the hearing. Tara Ross, who serves as the therapist for juveniles in the Parker County Juvenile Probation Department and who had prepared the notice of unsuccessful discharge that is summarized above, testified that Appellant was adjudicated in 2018 for "a sexting offense." As a component of his plea agreement in that case, Appellant was placed in the sex-offender treatment program. While Appellant was in sex-offender counseling, Ross learned about the circumstances surrounding the four offenses that Appellant is charged with in this case.[3] Appellant told Ross that he began sexually abusing a relative "when she was around 9 and ended around when she was 12." Ross believed that Appellant was approximately twenty-two months older than the relative. Based on that belief, Ross calculated that Appellant was "around 11 to 14" when he abused his relative. Ross testified that Appellant showed a level of sophistication and maturity commensurate with a "normal 17-year-old."

At the conclusion of the hearing, the juvenile court granted the State's petition for discretionary transfer. The waiver and transfer order includes the following findings:

> After careful consideration of all the evidence presented, the Court finds the following:

---

[3]While preparing for the sexual-history polygraph, Appellant disclosed new offenses of sexually abusing the same relative mentioned above; he committed those offenses while he was on probation. At the time of the hearing, Appellant was incarcerated for the indecent-exposure offense that he had committed while on probation at age seventeen.

1.	[Appellant] is alleged to have violated a penal law of the State of Texas of the grade of a first[-]degree felony, to-wit:  Aggravated Sexual Assault of a Child, in violation of Section []22.021 of the Texas Penal Code, in that the said [Appellant], on or about May 1, 2016, in Parker County, Texas, did then and there intentionally and knowingly cause the penetration of the mouth of JaneDoe201902144,[4] a child who was then and there younger than 14 years of age, by the said [Appellant's] sexual organ.

2.	[Appellant] is alleged to have violated a penal law of the State of Texas of the grade of a first[-]degree felony, to-wit:  Aggravated Sexual Assault of a Child, in violation of Section []22.021 of the Texas Penal Code, in that the said [Appellant], on or about May 1, 2016, in Parker County, Texas, did then and there intentionally and knowingly cause the sexual organ of JaneDoe201902144, a child who was then and there younger than 14 years of age, to contact the sexual organ of the said [Appellant].

3.	[Appellant] is alleged to have violated a penal law of the State of Texas of the grade of a first[-]degree felony, to-wit:  Aggravated Sexual Assault of a Child, in violation of Section []22.021 of the Texas Penal Code, in that the said [Appellant], on or about September 15, 2016, in Parker County, Texas, did then and there intentionally and knowingly cause the anus of JaneDoe201902144, a child who was then and there younger than 14 years of age, to contact the sexual organ of the said [Appellant].

4.	[Appellant] is alleged to have violated a penal law of the State of Texas of the grade of a second[-]degree felony, to-wit:  Indecency with a Child by Sexual Contact, in violation of Section []21.11 of the Texas Penal Code, in that the said [Appellant], on or about December 1, 2016, in Parker County, Texas, did then and there, with the intent to arouse or gratify the sexual desire of the said [Appellant], engage in sexual contact with JaneDoe201902144, hereafter styled the complainant, by touching the genitals of the complainant, a child younger than 17 years of age.

---

[4]The juvenile court referred to the victim using this pseudonym.

5. [Appellant] is a male child who was born August [XX],[5] 2001, and who is seventeen (17) years of age at the present time . . . .

6. [Appellant] was fourteen (14) years of age at the time of the alleged offense[s] on May 1, 2016. [Appellant] was fifteen (15) years of age at the time of the alleged offense on September 15, 2016. [Appellant] was fifteen (15) years of age at the time of the alleged offense on December 1, 2016. . . .

. . . .

13. The Court considered the sophistication and maturity of the child and finds that [Appellant] is sophisticated and mature under the Code.

14. The Court considered the record and previous history of the child and the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services[,] and facilities currently available to the juvenile court and the Court finds that the procedures, services, and facilities currently available to the juvenile court will not likely rehabilitate [Appellant].

15. A full investigation and hearing of the child, his circumstances and the circumstances of the offense(s) was conducted by this Court[,] and the Court finds that there is probable cause to believe that the child committed the offense(s) as alleged.

16. The Court has considered the seriousness of the offense(s) and the background of the child and finds that because of the seriousness of the offense(s), the welfare of the community requires that criminal proceedings proceed in criminal court concerning the aforementioned felony offense(s) and all criminal conduct occurring in said criminal episode(s).

---

[5]We omit the day of Appellant's birth to protect his identity. *See generally* Tex. R. App. P. 9.9(a)(3).

### III.  Sufficient Evidence Supports the Juvenile Court's Findings on Appellant's Age

Each of Appellant's four points challenges the evidence supporting the minimum-age requirement for the four offenses to be transferred to district court. We address all four points together as Appellant did in the analysis in his brief.

### A.  Standards for Waiver of Juvenile Jurisdiction

As briefly mentioned above in the introduction, a juvenile court may waive its exclusive original jurisdiction and transfer a child who is 10 years of age or older and under 17 to the appropriate district court or criminal district court for criminal proceedings if the following statutory requirements are met:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was:

> (A) 14 years of age or older at the time he is alleged to have committed the offense, if the offense is . . . a felony of the first degree, and no adjudication hearing has been conducted concerning that offense; or

> (B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

(3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

*Id.* § 54.02(a); *see id.* § 51.02(2) (defining "child" as "a person who is . . . ten years of age or older and under 17 years of age"). The State has the burden to persuade the juvenile court by a preponderance of the evidence that "the welfare of the community requires transfer of jurisdiction for criminal proceedings, either because of the seriousness of the offense or the background of the child (or both)." *In re P.A.B.,* No. 14-18-00290-CV, 2018 WL 4354679, at *6 (Tex. App.—Houston [14th Dist.] Sept. 13, 2018, pet. denied) (mem. op.) (quoting *Moon v. State*, 451 S.W.3d 28, 40–41 (Tex. Crim. App. 2014)).

In making the determination required by Section 54.02(a), the juvenile court shall consider, among other matters, the following factors:

> (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
>
> (2) the sophistication and maturity of the child;
>
> (3) the record and previous history of the child; and
>
> (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

Tex. Fam. Code Ann. § 54.02(f). Any combination of these criteria may suffice to support a waiver of jurisdiction; not every criterion need weigh in favor of transfer. *P.A.B.*, 2018 WL 4354679, at *7 (citing *Moon*, 451 S.W.3d at 47 & n.78). "The trial court is bound only to consider these . . . factors in deciding whether to waive jurisdiction. The court need not find that each factor is established by the evidence."

8

*In re C.M.M.*, 503 S.W.3d 692, 701 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (quoting *In re D.L.N.*, 930 S.W.2d 253, 258 (Tex. App.—Houston [14th Dist.] 1996, no writ)).

## B. Standard of Review

We have recently set out the standard of review to be applied when reviewing a waiver and transfer order:

> In evaluating a juvenile court's decision to waive its jurisdiction under Section 54.02(a), we first review the juvenile court's specific findings of fact regarding the Section 54.02(f) factors under "traditional sufficiency of the evidence review." *See Moon*, 451 S.W.3d at 47. In this context, our sufficiency review is limited to the facts that the juvenile court expressly relied upon in its transfer order. *Id.* at 50.

> We then review the juvenile court's ultimate waiver decision for an abuse of discretion. *Id.* at 47. That is to say, in deciding whether the juvenile court erred to conclude that the seriousness of the offense alleged or the background of the juvenile or both called for criminal proceedings for the welfare of the community, we simply ask, in light of our own analysis of the sufficiency of the evidence to support the Section 54.02(f) factors and any other relevant evidence, whether the juvenile court acted without reference to guiding rules or principles. *Id.* In other words, was the juvenile court's transfer decision essentially arbitrary, given the evidence upon which it was based, or did it represent a reasonably principled application of the legislative criteria? *Id.* In conducting our review, we bear in mind that not every Section 54.02(f) factor must weigh in favor of transfer to justify the juvenile court's discretionary decision to waive its jurisdiction. *Id.*

*In re T.L.*, No. 02-19-00200-CV, 2019 WL 4678565, at *3–4 (Tex. App.—Fort Worth Sept. 26, 2019, no pet.) (mem. op.) (footnote omitted).

9

**C. Analysis**

Here, Appellant does not challenge any of the Section 54.02(f) factors, nor does he challenge the requirements in Section 54.02(a)(1) or (3). We therefore focus on the only findings that Appellant disputes—the minimum-age-requirement findings under Section 54.02(a)(2)(A) and (B).

The case history admitted during the transfer hearing reflects that Appellant was born in August 2001 and that his relative was born in January 2004. The difference between their ages is 29 months, not 22 months as Ross estimated. Moreover, using Appellant's date of birth and the dates alleged for the four offenses, we can calculate how old he was at the time each of the offenses was alleged to have been committed:

| Count | Offense alleged | Degree of offense | Date alleged | Appellant's age at time of offense |
|---|---|---|---|---|
| Count 1 | Aggravated sexual assault of a child | First-degree felony | 5/1/16 | 14 |
| Count 2 | Aggravated sexual assault of a child | First-degree felony | 5/1/16 | 14 |
| Count 3 | Aggravated sexual assault of a child | First-degree felony | 9/15/16 | 15 |
| Count 4 | Indecency with a child by contact | Second-degree felony | 12/1/16 | 15 |

Under the governing statute set forth above, the juvenile court had discretion to transfer Appellant to criminal district court if he was 14 years or older at the time he was alleged to have committed a first-degree felony. *See* Tex. Fam. Code Ann.

10

§ 54.02(a)(2)(A). As set forth in the chart above, Appellant met this criteria for the first-degree felonies alleged in Counts 1, 2, and 3.

Under the governing statute, the juvenile court had discretion to transfer Appellant to criminal district court if he was 15 years or older at the time he was alleged to have committed a second-degree felony. *See id.* § 54.02(a)(2)(B). As set forth in the chart above, Appellant met this criteria for the second-degree felony alleged in Count 4.

Appellant, relying solely on Ross's testimony that Appellant was 22 months older than his relative, argues that "at his very oldest the Appellant was two months younger than 14 years of age and 14 months younger than 15 years of age," that "[t]here is not more than a scintilla of evidence that Appellant had reached 14 years of age," and that "[t]here is zero evidence in this record that Appellant had reached 15 years of age[] as to the allegation in Count 4." But as explained above, Ross miscalculated the age difference between Appellant and his relative by seven months. The correct calculation shows that Appellant was 29 months older than his relative. Even ignoring the offense dates alleged in the indictment, the trial court could have relied on Ross's testimony that Appellant had admitted that he had sexually abused his relative from the time she was "*around* 9 and ended *around* when she was 12" and thus calculated that Appellant would have been 14 when his relative was 11 years and 7 months and that he would have been 15 when she was 12 years and 7 months. [Emphasis added.] These calculations, which rely on testimony regarding the victim's

approximate age range, also support the trial court's findings that Appellant had met the statutory minimum age for both the second-degree felony and the three first-degree felony offenses.

This court recently decided an opinion in which the minimum statutory age was challenged under the subsection of Section 54.02 that deals with whether a juvenile court may waive its jurisdiction and transfer a respondent who has turned 18 years old but was at least 14 years old on the date of the offense. *See In re A.B.*, No. 02-18-00274-CV, 2019 WL 983751, at *1 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op.) (focusing on Section 54.02(j)(2)(B)). Because the age analysis in that opinion is analogous to the age analysis we conduct here, we set forth the pertinent portion of the opinion's discussion of the appellant's age:

> Despite the uncertainty surrounding [the appellant's] age at the time of the alleged offense and the possibility that he was under 14, and despite [the victim's] incomplete and contradictory recollections, the record contains some evidence . . . that the alleged incident occurred after August 2010 and therefore after [the appellant] turned 14. We hold that there is more than a scintilla of evidence supporting the trial court's finding and thus that the evidence is legally sufficient.
>
> Although [the appellant] correctly asserts that the evidence is contradictory and inexact, the trial court as the factfinder was free to accept or reject any or all of any witness's testimony. As the factfinder, the trial court was also free to reconcile any apparent inconsistencies in the testimony. . . .
>
> Moreover, the trial court was free to rely on [the detective's] testimony that she was able to determine that the offense most likely happened around January 1, 2011[,] "[f]rom the outcries" and because [the victim] was "pretty sure it happened around 2011." That 2011 timeframe, coupled with [the detective's] explanation that [the victim]

"remembered that she was on winter break from school," provides some evidence that the offense likely occurred in the winter of 2011. Because [the appellant] turned 14 in the summer of 2010, the trial court's finding is supported by sufficient evidence. Thus, we hold that the evidence was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust and was thus factually sufficient.

*Id.* at *6 (citations omitted).

Appellant argues that *A.B.* is distinguishable because "there was at least testimony in that case from a detective and the victim that provided more cover to the age range." Although the juvenile court here did not have testimony from a detective or a victim, the juvenile court did have before it Appellant's date of birth and the alleged dates of the offenses, which constituted some evidence to support the juvenile court's findings regarding Appellant's age on the alleged dates of the offenses. Accordingly, we hold that there is more than a scintilla of evidence supporting the juvenile court's age findings for each of the four offenses and thus that the evidence is legally sufficient. *See id.* (holding evidence legally sufficient to support juvenile court's finding regarding appellant's age on the date of the alleged offense).

Moreover, the juvenile court, as the factfinder, was free to reject any apparent inconsistencies between Ross's testimony about the age difference between Appellant and the victim and the actual age difference as calculated based on the case history. *See id.* at *3. Because the calculations based on Appellant's birthdate show that he had met the statutory minimum age for each of the four offenses, the juvenile court's age findings are supported by sufficient evidence. Thus, we hold that the evidence was

not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust and was thus factually sufficient. *See id.* at *6 (holding evidence factually sufficient to support juvenile court's finding regarding appellant's age on the date of the alleged offense).

Having concluded that the juvenile court's age findings under Section 54.02(a)(2)(A) and (B) are supported by legally and factually sufficient evidence, we overrule Appellant's four points.[6]

---

[6]Appellant's sole basis for his contention that the juvenile court abused its discretion is that the juvenile court's age findings under Section 54.02(a)(2) for each of the four offenses are not supported by legally and factually sufficient evidence. Although Appellant's brief does not include a separate argument challenging any of the Section 54.02(f) factors on which the juvenile court based its waiver decision, for the sake of completeness, we will consider whether the juvenile court acted without reference to guiding rules or principles in waiving its jurisdiction. *See Moon*, 451 S.W.3d at 47; *P.A.B.*, 2018 WL 4354679, at *10. The juvenile court's waiver and transfer order includes findings based on the Section 54.02(f) factors, as set forth above. After reviewing the record, we conclude that there is sufficient evidence supporting the Section 54.02(f) findings—all of the offenses were against a person, not property; Appellant possessed a level of sophistication and maturity commensurate with a "normal 17-year-old"; he had committed the offense of sexting and then committed additional offenses while on probation and was currently incarcerated for an offense committed while he was 17; and the procedures, services, and facilities currently available to the juvenile court would not likely rehabilitate Appellant. Such evidence weighs in favor of the juvenile court's decision to transfer Appellant's four offenses to criminal court. Given the evidence in the record and the juvenile court's Section 54.02(f) findings, we cannot say that the juvenile court's decision was arbitrary or made without reference to guiding rules. Rather, the juvenile court's decision resulted from a principled application of legislative criteria. *See Moon*, 451 S.W.3d at 47. Accordingly, we hold that the juvenile court did not abuse its discretion by waiving its jurisdiction and transferring Appellant's four offenses. *See T.L.*, 2019 WL 4678565 at *10 (concluding that juvenile court's decision to waive its jurisdiction and transfer case was not an abuse of discretion).

## IV. Conclusion

Having overruled Appellant's four points, we affirm the juvenile court's waiver and transfer order.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: January 9, 2020