# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00442-CR

**Rene Adame, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY, NO. 529,167, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

A jury found appellant Rene Adame guilty of the offense of driving while intoxicated (DWI), first offense. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2001). The trial judge assessed punishment at ninety days in jail and a $2,000 fine, suspended imposition of the sentence except $500 of the fine, and placed appellant on community supervision for two years. Raising two issues, appellant contends that (1) the trial court erred in overruling his motion to suppress evidence because the arresting officer lacked the necessary reasonable suspicion to stop him and (2) the evidence is factually insufficient to support his conviction. We will affirm the conviction.

### Background

On February 28, 1999, at about 10:40 p.m., Department of Public Safety Officer Donald Lundy was patrolling the north area of Loop 1 (MoPac) in his marked DPS patrol car. The speed limit was 65 miles per hour, traffic was light, and Lundy was traveling about 45 miles per hour

in the far right lane. Lundy noticed appellant pass him and suspected that appellant was traveling more than 65 miles per hour. Lundy began pacing appellant and believed appellant was traveling between 66 and 68 miles per hour. Lundy observed that appellant had difficulty negotiating a long curving portion of the highway. The speed limit along the curve was 65 miles per hour and Lundy observed appellant speed, and without signaling, straddle the lane divider between the center lane and the inside left lane for about a tenth of a mile. Lundy followed appellant for about one and one-half miles before signaling him to stop. When Lundy approached appellant's truck he noticed the distinct odor of alcoholic beverage coming from the truck. Lundy suspected that appellant had been drinking and asked appellant to step out of the truck. Lundy conducted the standard Horizontal Gaze Nystagmus (HGN) test and two other field sobriety tests. Based on appellant's actions during these tests, Lundy believed appellant was intoxicated and arrested him for DWI.

Appellant filed a pretrial motion to suppress, contending that the initial stop was not lawful and, therefore, all evidence of his intoxication gained as a result of the stop should be excluded. The trial court denied appellant's motion to suppress.

At trial, to prove intoxication the State presented Lundy's testimony and a videotape Lundy made during appellant's roadside detention and trip to the police station in the patrol car. While Lundy testified about most of the circumstances that are reflected in the videotape, the videotape does not reflect all of his observations. Lundy testified about observing appellant speeding slightly along a curving portion of the highway and straddling a lane divider for about a tenth of a mile before he turned on the videotape machine. Additionally, Lundy testified that after he and appellant

2

reached the police station, appellant told him that he did not think that he would pass the breath test.[1] The jury found appellant guilty of the offense of DWI.

**Discussion**

***Reasonable Suspicion to Stop***

Appellant first contends that the trial court erred in overruling his pretrial motion to suppress because Lundy did not have the requisite reasonable suspicion when he stopped appellant. Specifically, appellant contends that Lundy should not have stopped him because Lundy did not note appellant's exact speed and also appellant was traveling within DPS speed tolerances.

The appropriate standard of review for a suppression ruling is a bifurcated review, giving almost total deference to the trial court's findings of fact, but conducting a *de novo* review of the court's application of law to those facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (citing *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1999).

Police officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry* v. *Ohio*, 392 U.S. 1, 22-26 (1968); *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). To justify the investigative detention, the individual officer must have a reasonable suspicion that "some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a

---

[1] Appellant declined to give a breath sample.

crime." *Terry*, 392 U.S. at 21-22*; Johnson v. State*, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983); *Harris v. State*, 913 S.W.2d 706, 708 (Tex. App.—Texarkana 1995, no pet.). The officer must have specific articulable facts which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the person detained for investigation. *Terry*, 392 U.S. at 30; *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); *Comer v. State*, 754 S.W.2d 656, 657 (Tex. Crim. App. 1986); *Johnson*, 658 S.W.2d at 626.

The reasonableness of a temporary stop turns on the "totality of the circumstances" in each case. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983); *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex. Crim. App. 1978); *Davis v. State*, 794 S.W.2d 123, 125 (Tex. App.—Austin 1990, pet. ref'd). Reasonable suspicion, like probable cause, is dependent upon both the content of the information possessed by the police and its degree of reliability. *Alabama v. White*, 496 U.S. 325, 330 (1990). "Both factors—quantity and quality—are considered in the totality of the circumstances—the whole picture . . . must be taken into account when evaluating whether there is reasonable suspicion." *Id.* (citing *United States v. Cortez*, 449 U.S. 411, 417 (1981)); *see also Carmouche*, 10 S.W.3d at 328-29; *Reynolds v. State*, 962 S.W.2d 307, 311 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

Appellant argues that the stop was unlawful because Lundy could not testify about the exact speed appellant was traveling. This argument was addressed specifically in *Dillard*, when the court stated, "we disagree with appellant's contention that unless [the officer] knew the exact speed which the automobile was traveling, no violation occurred." *Dillard v. State*, 550

4

S.W.2d 45, 53 (Tex. Crim. App. 1977). Further, appellant argues that because Lundy believed that appellant was traveling within DPS speed tolerances the stop was unlawful. When determining whether a stop was objectively reasonable, law enforcement practices and policies are irrelevant.

> As long as an actual violation occurs, law enforcement officials are free to enforce the laws and detain a person for that violation, regardless of whatever the usual practices or standards of the local law enforcement agency are regardless of the officer's subjective reasons for the detention. Thus, the appropriate limitation of an officer's discretion, under the Fourth Amendment, is the existence of a law and the actual commission of the offense.

*Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992).

If an officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may initiate a traffic stop. *Whren v. United States*, 517 U.S. 806, 810 (1996); *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). An operator may not drive at a speed greater than is reasonable and prudent under the existing circumstances. Tex. Transp. Code Ann. § 545.351 (West Supp. 2001). "A speed in excess of the established limits is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful." Tex. Transp. Code Ann. § 545.352 (West Supp. 2001).

Finally, appellant argues that his lane straddling was similar to the defendant's lane straddling in *Hernandez v. State*, 983 S.W.2d 867, 870 (Tex. App.—Austin 1998, no pet.). We disagree. In *Hernandez*, the officer observed the defendant briefly drift across the lane marker

5

and the drifting was the *only* circumstance known to the officer when he stopped the defendant. The brief drift across the lane divider alone was held to be insufficient to warrant the stop.

Here, the circumstances observed by Lundy included pacing appellant above the speed limit for about one and one-half miles. On this basis alone, Lundy had a reasonable and articulable basis for believing that appellant committed a traffic violation, speeding. *Dillard*, 550 S.W.2d at 53. Additionally, Lundy observed appellant straddling lanes for about a tenth of a mile. Based on the totality of the circumstances, we hold that Lundy had a reasonable suspicion of unlawful activity, a traffic violation, and lawfully stopped appellant. Appellant's first issue is overruled.

### Factual Sufficiency

Appellant also contends that the evidence is factually insufficient to sustain his conviction because the evidence of appellant's intoxication was "so weak as to undermine confidence in the jury's verdict."[2]

We review all of the evidence for factual sufficiency in a neutral light. *Johnson v. State*, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000). If a party attacks the factual sufficiency of an adverse finding on an issue for which he did not have the burden of proof, he must show that there is insufficient evidence of the adverse finding. In reviewing such a challenge, the court of appeals must first consider, weigh and examine all of the evidence that supports and that is contrary to the jury's determination. *Id.* Having done so, the appellate court should set aside the

---

[2] Appellant concedes that Lundy's testimony alone was legally sufficient to sustain the conviction.

verdict only if the evidence supporting the adverse finding standing alone is so weak as to be clearly wrong and manifestly unjust. *Id.*

To prove intoxication at trial, the State offered Lundy's testimony and the videotape made during appellant's roadside detention and ride in the patrol car to the police station. Appellant argues that "what makes the jury's verdict clearly wrong and unjust . . . is what is revealed, or not revealed, on the videotape." Appellant contends that because neither his lane straddling nor his statement to Lundy that he thought he would fail a breath test were recorded on the videotape, the evidence is factually insufficient to support the jury's finding that he was intoxicated.

Simply because appellant's lane straddling and statement that he thought he would fail a breath test did not appear in the videotape did not render Lundy's testimony regarding these facts incredible or necessarily undermine confidence in the jury's verdict. If we did reach the conclusion urged by appellant, we would be intruding upon the jury's fact-finding role as the sole judge of the weight and credibility to be given the evidence presented. Moreover, the videotape was not clearly exculpatory evidence as appellant urges. It shows appellant's impaired balance at a couple of points: (1) when appellant leaned on his truck for support while Lundy was instructing him on the walk-and-turn test; and (2) when appellant momentarily lost his balance when performing the walk-and-turn test. Additionally, it shows appellant moving his head during the HGN test.

The proof of intoxication is not so obviously weak as to undermine confidence in the jury's verdict. We hold that the evidence is factually sufficient to support the conviction. Appellant's second issue is overruled.

## Conclusion

We affirm the conviction.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   April 12, 2001

Do Not Publish